# EXHIBIT C

**COPY**

THE STATE OF NEW YORK : COUNTY OF CORTLAND

CITY OF CORTLAND COURT

CRIMINAL PART

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

The People of the State of New York,                    **Plea/Sentencing**

      -against-                                      Docket 04/38911

**JAMES H. GOULD,**

                          *(CD/AUDIO)*

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                     June 28th, 2005
                     25 Court Street - City Hall
                     10:30 a.m.
                     Cortland, New York 13045

B e f o r e:           **HON. THOMAS A. MELDRIM,**
                     City Court Justice

A P P E A R A N C E S:

**DAVID HARTNETT, CORTLAND COUNTY DISTRICT ATTORNEY**
46 Greenbush Street - Suite 302
Cortland, New York 13045
BY: **WENDY FRANKLIN,** Assistant District Attorney

**TRACY & EDWARDS, Esqs.**
Attorneys for Defendant Gould
317 South Little Tor Road
New City, New York 10956
BY: **JOHN S. EDWARDS,** Esq., Of Counsel

       *Transcribed by: Patricia A. Puleo, NYS Court Reporter*

**PULEO REPORTING & TRANSCRIPTION SERVICES**
*Patricia A. Puleo, NYS Court Reporter*
61 Crickettown Road
Stony Point, New York 10980
FAX/Phone 845-429-8986

```
1                    - Proceedings -                2

2              THE COURT: Good morning, Mr. Edwards and

3         Mr. Gould and Ms. Franklin.

4              I will note that we have before us here

5         this morning is the People of the State of New

6         York versus James H. Gould.

7              We have Mr. Gould present with his

8         attorney Mr. Edwards.

9              We have Ms. Franklin from the District

10        Attorney's office.

11             We are on here today for a disposition

12        based upon the correspondence  I have received

13        from Counsel, specifically I think the letter

14        from Ms. Franklin, dated May tenth.

15             MS. FRANKLIN: That's correct, Your Honor.

16             THE COURT: Which outlines the agreement

17        with respect to  the disposition.

18             Before we proceed, Mr. Edwards anything

19        you would like to say procedurally about how we

20        are going to go forward here today and we have

21        got some motions pending, so I just want to make

22        sure we resolve everything at today's session.

23             MR. EDWARDS: Your Honor, it is my

24        understanding that Mr. Gould would enter a plea

25        of Guilty to Harassment, in the second degree,  a
```

```
 1                          - Proceedings -                3

 2           violation.

 3                  THE COURT: We are not picking you up on

 4           the mic, so maybe you can step up here with your

 5           attorney please we don't have the mics on the

 6           table right now, so  --

 7                  MR. EDWARDS: Your Honor, it is my

 8           understanding that Mr. Gould will be entering a

 9           plea of Guilty this morning to Harassment in the

10           Second Degree as a violation and that the

11           parameters of the sentence will be in accordance

12           with the letter to which you have made reference.

13                  Subsequent to receiving that letter, and

14           before communicating with the Court that there

15           was a disposition, I spoke with Ms. Franklin.

16                  It was something we had discussed at one

17           point in time in Chambers that the allocution

18           that is required will be limited to that which

19           -- or to the admissions that he had made on the

20           evening of the occurence and that was acceptable

21           to Ms. Franklin.

22                  THE COURT: Do have those admissions in

23           front of you?

24                  MR. EDWARDS: I have a copy of the police

25           report.
```

```
1                        - Proceedings -                    4

2              THE COURT: I'm sure I have those somewhere

3         in there.

4              MR. EDWARDS: Reference filed April 25,

5         2004, I'm not sure that  -- well, it's in the

6         area of 4/24/04 but not otherwise dated  -- I'm

7         sorry; at the end it is dated 4/24/04 yes.

8              THE COURT: And the subsection that we were

9         going to be speaking of, assuming we are going to

10        reference a specific subsection.

11             MR. EDWARDS: Excuse me a moment, please.

12             (Off-the-record-discussion.)

13             MR. EDWARDS: Okay, Your Honor.  It is

14        240.26, Subdivision 3.

15             THE COURT: And Mr. Gould you have

16        discussed this disposition with your attorney,

17        Mr. Edwards?

18             MR. GOULD: Yes, I have.

19             THE COURT: And you are satisfied with this

20        disposition?

21             MR. GOULD: Yes, I am Your Honor.

22             THE COURT: You are satisfied with the

23        services provided by your attorney?

24             MR. GOULD: Yes, I am.

25             THE COURT: You understand that you are
```

```
1                          - Proceedings -                5
2          going to be giving up certain rights should we
3          proceed to a plea here today?
4                    MR. GOULD:  Yes.
5                    THE COURT:  You have a right to a Jury
6          trial.  You will be giving that right up.
7                    Do you understand that?
8                    MR. GOULD: Yes, I do.
9                    THE COURT: You have a right to testify.
10         You are giving up that right.  Do you understand
11         that?
12                   MR. GOULD: Yes.
13                   THE COURT: You have a right to call
14         witnesses.   You are giving up that right.
15                   You have a right to have the People prove
16         the charges beyond a reasonable doubt.
17                   Do you understand that?
18                   MR. GOULD:  Yes, I do Your Honor.
19                   THE COURT: Okay.  And you would be
20         pleading Guilty to a violation, not a crime;
21         Penal Law 240.26, Subdivision 3, Harassment in
22         the Second Degree, which carries a maximum
23         punishment of fifteen days in jail, a fine up to
24         $250, court charges in the amount of $95.00.
25                   You do understand that?
```

- Proceedings -                           6

1

2          MR. GOULD:  Yes.

3          THE COURT:  Which states that a person is

4    guilty of Harassment in the Second Degree, when

5    with intent to harass, annoy or alarm another

6    person, when he or she engages in a course of

7    conduct or repeatedly commits acts which alarm or

8    seriously annoy such other person and which

9    serves no legitimate purpose, so the essential

10   elements are that it would be an intent to annoy,

11   harass or alarm that you engaged in a course of

12   conduct or acts repeatedly that would annoy such

13   person and serve no legitimate purpose.

14          Do you understand all of that?

15          MR. GOULD: Yes, I do Your Honor.

16          THE COURT: We were going to note on the

17   record that the plea of Not Guilty is withdrawn.

18          MR. EDWARDS: It is, Your Honor.

19          THE COURT: And the People are consenting

20   to Mr. Edwards' motion to amend to Penal

21   Law 240.  26,  subdivision 3 or otherwise joins

22   in that motion?

23          MS. FRANKLIN:   That's right, Your Honor

24   and at this point I guess we would also like it

25   very clear on the record that Mr. Edwards will be

1                          - Proceedings -                7

2      withdrawing his motions and all of those things.

3            Mr. Edwards:   We withdraw all motions

4      previously made, decided or undecided, yes, as a

5      condition of the disposition.

6            THE COURT:   Now, the People have made a

7      representation with respect  to the disposition

8      which I have before me, that the letter dated May

9      tenth,  the sentencing would include a one-year

10     conditional discharge and any form of treatment

11     deemed appropriate.

12            I guess I am a little bit confused as to

13     what would be appropriate, given the fact that

14     this gentleman I believe, as previously

15     represented, has had an evaluation and that

16     evaluation did not recommended any treatment.

17            MS. FRANKLIN:   That's fine, Your Honor.

18            THE COURT:   So, we wouldn't be agreeing

19     that he engage in any treatment.

20            A permanent one-year Order of Protection

21     on behalf of the victim or in favor of the victim

22     will issue.

23            That will be a Court Order, which will

24     expose you to some potential liability if you

25     violate that Order, which is the Class "A"

```
 1                    - Proceedings -                8
 2       Misdemeanor of Criminal Contempt and it was
 3       agreed and recommended that you complete fifty
 4       hours of community service at a location that
 5       does not involve children.
 6              MR. GOULD: Yes, Your Honor.
 7              THE COURT: And I think I would be looking
 8       to Counsel and to the Defendant for some
 9       direction with respect to an appropriate site
10       that the Court would approve.
11              We would be noting that insofar as you can
12       waive such rights, you would be waiving any
13       appeal rights.
14              You will be waiving your speedy trial
15       rights under the Criminal Procedure Law with
16       respect to a general speedy trial, as well as
17       statutory speedy trial.
18              You will waive that condition and you
19       would allocute at the time entry of this plea.
20              Those are the general conditions of this
21       plea.
22              Any questions about those, from your
23       prospective, Mr. Edwards, Mr. Gould or Ms.
24       Franklin?
25              MR. EDWARDS:   Your Honor, with respect to
```

- Proceedings -                    9

1
2    to the community services, as we had indicated in

3    a past conference, in anticipation of a possible

4    disposition and whether there was one or not,

5    Mr. Gould had engaged in community service with

6    Meals on Wheels in Orange County.

7              THE COURT:   Okay, so we would ask that

8    that service, when documented, be considered in

9    satisfaction of the agreed upon condition.

10             THE COURT:   Assuming that you can forward

11   to the Court a letter from the agency indicating

12   that, when it will be acceptable for Mr. Gould to

13   complete the community service at that agency.

14             MR. EDWARDS:   Yes, he has already done so

15   Your Honor; not the letter, but the community

16   service.

17             THE COURT:   That is completed you are

18   saying?

19             MR. EDWARDS: Yes, it was done during the

20   course of these proceedings and in the

21   expectation that when or if a disposition was

22   reached, it would include some form of community

23   service.

24             I think it may have been in response to

25   the initial plea offer when we received the

```
1                              - Proceedings -                    10
2        letter.
3              THE COURT:    That community service
4        completion and the way it was done, that will be
5        satisfactory to the People?
6              MS. FRANKLIN:    Yes, Your Honor.   That is
7        fine.
8              THE COURT:    Now, understanding all of
9        that, the Court is now granting the motion to
10       plead to Penal Law 240.26, subdivision 3,
11       Harassment in the Second Degree, a violation.
12             Mr. Gould, how do you plead to that
13       charge?
14             MR. GOULD: Guilty, Your Honor.
15             THE COURT: Okay, now I am looking  in
16       front of me at statements that were made by you
17       allegedly to a police officer, the police officer
18       who investigated this particular incident.
19             That would have been Officer Abbott.
20       Those statements were attached to the Accusatory
21       and I believe that is what we intend to rely on
22       here with respect  to this plea.
23             We are noting also that this is bargained
24       for plea.
25             Correct?
```

```
 1                      - Proceedings -              11
 2                 MR. EDWARDS:  Yes.
 3                 THE COURT:  Allowing this Defendant to
 4           plead to a lesser offense than what he was
 5           charged with?
 6                 MR. EDWARDS: Yes.
 7                 THE COURT: And you do knowledge that it,
 8           it's in your best interest to enter this plea
 9           here today?
10                 MR. GOULD: Yes, I do Your Honor.
11                 THE COURT:   Now, those statements relate
12           to the  report of April 24th,  2004, which is the
13           date of this incident herein in the city of
14           Cortland.
15                 Do you knowledge on that date that you did
16           approach a fourteen-year-old, so-stated kid in
17           this statement.
18                 Is that correct?
19                 MR. GOULD: Yes, I did, Your Honor.
20                 THE COURT: And he did not approach you,
21           but you approached him?
22                 MR. GOULD: That is correct.
23                 THE COURT: And did you ask him where a bar
24           was?
25                 MR. GOULD: I did, Your Honor.
```

1                          - Proceedings -              12

2              THE COURT:   Okay, and did you further ask

3       him where a gay bar was?

4              MR. GOULD:   No, I did not, Your Honor.

5              THE COURT: Well, that is in your

6       statement.  Maybe you want to review that

7       statement?

8              MR. EDWARDS:   Your Honor, the statements

9       indicate that he was asked that.

10             THE COURT:  So, you are not saying that

11      you asked that, but that was the statement of the

12      Officer?

13             MR. GOULD:   That's correct.

14             THE COURT: You are clear here in stating

15      that you did approach a fourteen-year-old, on

16      your own, without any  -- without the young man

17      approaching you and you asked him where a bar

18      was?

19             MR. GOULD: That's correct, Your Honor.

20             THE COURT:  Is there anything more that we

21      want to ask this defendant here, Ms. Franklin?

22             MS. FRANKLIN: Well ---

23             THE COURT: I'm just looking at your letter

24      ---  I mean I am looking at his statement and we

25      understand he is pleading to a lesser offense, a

- Proceedings -                    13

1   bargained for plea.

2       You want to make certain that that

3   allocution is satisfactory to the People, is

4   satisfactory to the defendant and Counsel for the

5   defendant, as well as the Court.

6       Understanding that the Court would be

7   accepting the plea to this lesser offense, is

8   that allocution satisfactory to you?

9           MS. FRANKLIN: Yes, Your Honor, it is.

10          THE COURT:.  Now, Mr. Edwards?

11          MR. EDWARDS: It is, Your Honor.

12          THE COURT:   Okay, so I am going to accept

13  your Guilty plea, subject to what we have said

14  with respect to  the items set forth in the

15  letter of May tenth.

16      Now, with respect to sentencing, I know

17  there is no agreement with respect to the

18  sentence, but I think I made it plain and clear

19  that I am going to follow the recommendations of

20  the People.

21      I think this was agreed upon between the

22  parties, something that I had previously

23  indicated to Counsel that seemed to be an

24  appropriate disposition in this matter.

- Proceedings -                    14

1

2          Anything further that the People want to

3    say before I proceed to sentence?

4              MS. FRANKLIN: No, Your Honor.

5              THE COURT: Now, Mr. Edwards?

6              MR. EDWARDS:   Well, Your Honor, as we

7    have discussed in the past, albeit in Chambers

8    and not on the record, I have known Mr. Gould for

9    the better part of twenty, plus years.

10         I know him.   I know his wife.  I know all

11    of the members of the family.

12         I know the type of person that he is.  He

13    is a good father.  A  good husband and a long

14    standing employee of the County of Rockland for a

15    little over 25 years, without any prior

16    incidents.

17         His conduct to that extent, constitutes a

18    violation.  It is clearly aberrational on his

19    part, an exercise of undoubtedly, poor judgment

20    and something that I fully expect will never be

21    repeated.

22         We have provided Your Honor for the

23    purposes of review, as we had with the DA's

24    Office, an evaluation by a well respected, local

25    forensic psychiatrist, who was the forensic

```
1                      - Proceedings -            15
2      psychiatrist at the Rockland County Family Court
3      for more than twenty years and who was the
4      forensic, the exclusive forensic examiner for
5      Family Court matters and he has reported to the
6      Court that Mr. Gould does not or is not in need
7      of any treatment at this time and this conduct
8      was aberrational at best.
9            So, under the circumstances, Your Honor,
10     we think the disposition is an appropriate one
11     and that the conditions to which we have agreed
12     with  the District Attorney, as part of that
13     disposition, are appropriate and I would ask that
14     the Court honor that agreement and impose the
15     sentence, as set forth in the May tenth letter,
16     which embodies part of the agreement.
17           THE COURT: Is there anything that you
18     would like to say, Mr. Gould?
19           MR. GOULD: No thank you, your Honor.
20           THE COURT: This matter is finally coming
21     to a conclusion and I am accepting your plea and
22     imposing the sentence based upon my review of all
23     of the circumstances, including many of the
24     documents that have been submitted in court with
25     respect to  your background, your lack of any
```

```
1                          - Proceedings -              16
2          prior criminal history, as well as all of the
3          issues that have been raised by your attorney and
4          I would say that you certainly have been well
5          represented in this matter.
6                 I am going to therefore impose the
7          following sentence, a conditional discharge for a
8          period of one year, terms and conditions of which
9          will be in writing.
10                There will be one, special condition, in
11         addition to the statatory, general conditions,
12         and that is that the Defendant shall provide the
13         Court with proof of completion of fifty hours of
14         community service at a site acceptable to the
15         Court, prove to be provided to the Court on or
16         before July fifteenth of 2005.
17                So, I am assuming you can get me a letter
18         from the provider on the letterhead indicating
19         that he has completed fifty hours community
20         service.
21                I think it would be helpful if you
22         indicated the dates that he completed that
23         service so that we know it was done subsequent to
24         this arrest, okay?
25                MR. EDWARDS: Yes.
```

```
 1                        - Proceedings -              17
 2              THE COURT: In addition, I will be signing
 3       a permanent Order of Protection --- now, when I
 4       say a permanent Order, it a one-year Order of
 5       Protection and it is in favor of the victim.
 6              We recognize that you don't live here and
 7       the victim lives here, so we don't anticipate any
 8       problem.
 9              The Order does say "...no communication,
10       no contact", so that means just what it says; no
11       phone calls, e-mails, nothing, no letters of
12       apology or whatever.
13              You are just not going to have any contact
14       with this person.  If it is alleged that you do
15       have some contact, then you could be charged with
16       criminal contempt.
17              You certainly don't want to have that
18       happen.
19              In addition, the Court had considered the
20       imposition of a fine, which I could impose up to
21       $250.
22              I think, given all of the circumstances
23       as I find them, that would serve no legitimate
24       purpose in this  instance,
25              Therefore, I will --- I will not be
```

```
1                          - Proceedings -              18
2          imposing a fine.
3                    I am going to impose court charges in the
4          amount of $95.00.
5                    When can you pay that?
6                    MR. GOULD: Today.
7                    THE COURT: You can do it by credit card or
8          by going down the hallway and get it taken care
9          of.
10                   MR. GOULD: Yes.
11                   THE COURT: As an Officer of the Court I
12         think I will have you serve the Order of
13         Protection if you can do that, Ms. Franklin,
14         rather than call an Officer in.
15                   MS. FRANKLIN: Yes.
16                   THE COURT: Off-the-record.
17                   THE COURT: Mr. Edwards, will you have Mr.
18         Gould sign that?
19                   MR. EDWARDS:   Yes.  Off-the-record.
20                   THE COURT:   You,  Mr. Edwards have a copy
21         for your client and here's a copy of the Order of
22         Protection, one for your file also, Ms. Franklin.
23                   That should conclude the matter here
24         today.
25                   Any questions?
```

```
1                    - Proceedings -              19
2              MR. EDWARDS:   Yes, one item, Your Honor,
3         pursuit to Section 160.55 or 160.50, there is a
4         sealing order, with the exception of the Court's
5         records, and I request that we enter that order.
6              THE COURT: That will be entered.
7              MR. EDWARDS: Thank you.
8              THE COURT: Thank you very much.
9              MR. GOULD: Thank you, your Honor.
10             THE COURT: Good luck to you.
11             You can go down the hallway and take care
12        of that fine.
13
14
15
16             *              *              *
17
18
19
20
21
22
23
24
25
```

20

STATE OF NEW YORK      )

COUNTY OF  CORTLAND ) ss:


      I, Patricia A. Puleo, certify that I am a New York State certified

Court Reporter, Notary Public and certified 4-track and digital recorder

transcriber.

      I further certify that the foregoing transcript of audio taped

proceedings regarding the matter of  the **People of the State of New York**

**versus  JAMES H. GOULD,**  prepared to the best of my abilities,  using

digital electronic transcription equipment and CD-Rom(s) or 4-track audio

tapes as provided by **CORTLAND CITY COURT,** and  is a true and

accurate transcript of said proceedings.


Patricia A. Puleo, Court Reporter

Dated:___10/25/05___


      Patricia A. Puleo, N.Y.S. Certified Court Reporter

**PULEO REPORTING & TRANSCRIPTION SERVICES**

61 Crickettown Road

Stony Point, New York 10980

Phone and FAX (845)429-8986