# EXHIBIT D

STATE OF NEW YORK
PUBLIC EMPLOYMENT RELATIONS BOARD

In the Matter of

JAMES H. GOULD,

                Charging Party,

                                            CASE NO. U-27172

- and -

CIVIL SERVICE EMPLOYEES ASSOCIATION,
LOCAL 8350,

                Respondent.

MICHAEL SUSSMAN, ESQ., for Charging Party

### DECISION OF DIRECTOR

On October 30, 2006, James H. Gould filed an improper practice charge alleging that the Civil Service Employees Association, Local 8350 (CSEA) violated the Public Employees' Fair Employment Act (Act) in connection with its handling of disciplinary charges served against him by his employer.

Pursuant to the initial investigation required by §204.2 of the Rules of Procedure (Rules), Gould was advised that the charge is deficient because: (1) it does not identify the subdivisions of the Act allegedly violated as required by §204.1(b)(3) of the Rules and (2) it does not identify any acts or omissions of CSEA within four months of the filing of the charge, as required by §204.1(a)(1) of the Rules.[1]

---

[1] The last act or omission alleged in the pleading is CSEA's failure to appear at a disciplinary hearing in February 2006.

Case No. U-27172                                                                                     - 2 -

Gould filed an amendment on November 8, 2006. It identifies the subdivisions of the Act allegedly violated but does not identify any act or omission by CSEA within the four month period of limitation imposed by the Rules.

Accordingly, the charge must be, and hereby is, dismissed.

Dated at Albany, New York,
this 28th day of November, 2006

_____
Monte Klein
Director
Public Employment Practices
and Representation

The following is an extract of PERB's Rules of Procedure, 4 N.Y.C.R.R. Parts 200-215. Any party filing exceptions or other papers with the Board should consult the Rules of Procedure to ensure compliance with all requirements.

**Exceptions to Decision of Director; Exceptions to Administrative Law Judge's (ALJ) Decision and Recommended Order; Action by Board**

(a) Within 15 working days after receipt of the decision of the Director or the decision and recommended order of the ALJ, a party may file with the Board an original and three copies of a statement in writing setting forth any exceptions thereto, and a separate original and three copies of a brief in support thereof, together with proof of service of copies of such exceptions and brief upon each party.

(b) The exceptions shall:

(1) Set forth specifically the questions of procedure, fact, law or policy to which exceptions are taken;

(2) Identify that part of the decision or order to which objection is made;

(3) Designate by page citation the portions of the record relied upon; and

(4) State the grounds for exceptions. An exception to a ruling, finding, conclusion or recommendation which is not specifically urged is waived.

**Cross-Exceptions**

Within seven working days after receipt of exceptions, any party may file an original and three copies of a response thereto, or cross-exceptions and a separate brief in support thereof, together with proof of service of copies of these documents upon each party to the proceeding. Within seven working days after receipt of cross-exceptions, any party may file an original and three copies of a response thereto, together with proof of service of a copy thereof upon each party to the proceeding.

**Request for Extension of Time**

A request for an extension of time within which to file exceptions and briefs shall be in writing, and filed with the Board at least three working days before the expiration of the required time for filing, provided that the Board may extend the time during which to request an extension of time because of extraordinary circumstances. A party requesting an extension of time shall notify all the parties to the proceeding of its request and shall indicate to the Board the position of each other party with regard to such request.

**Objection to Certification Without Election**

A written objection to the Director's determination that an employee organization should be certified without an election may be filed within five working days after receipt of the Director's determination. A party may file a response to the objection within five working days after its receipt of the objection. The objection and any response must be served on all parties.

**Oral Argument Before the Board**

If a party desires to argue orally before the Board, a written request with reasons therefor shall accompany the exceptions filed, the response thereto, or the cross-exceptions filed. The Board may grant such a request; it may also direct oral argument on its own motion.

**Board Action**

(a) Upon receipt of the case, the Board may adopt, modify or reverse the Director's or ALJ's decision or order.

(b) Unless a party files exceptions to the decision and recommended order of the Director or ALJ within 15 working days after receipt thereof, the decision and any accompanying order will be final, except that the Board may, on its own motion, decide to review any remedial action recommended within 20 working days after receipt by the parties of the decision and recommended order.

* * * * * * * * * * * * * *

**Party**

The term "party", as used in PERB's Rules of Procedure, means any person, organization or public employer filing a charge, petition or application under the Act or these Rules; any person, organization or public employer named as a party in a charge, petition or application, filed under the Act or these Rules; or any other person, organization or public employer whose timely motion to intervene in a proceeding has been granted.

**Working Days**

The term "working days", as used in PERB's Rules of Procedure, shall not include a Saturday, Sunday or legal holiday.

**Filing; Service**

(a) The term "filing", as used in PERB's Rules of Procedure, shall mean delivery to the Board or an agent thereof, or the act of mailing to the Board, or deposit with an overnight delivery service for overnight delivery.

(b) The term "service", as used in PERB's Rules of Procedure, shall mean delivery to a party or the act of mailing to a party, or deposit with an overnight delivery service for overnight delivery.

* * * * * * * * * * * * * *

**NOTICE TO PARTIES**

**Judicial Appeal of Board Orders.**

A party may appeal a final order of the Board by filing with the court and serving the necessary parties the pleadings and papers required by Article 78 of the New York Civil Practice Law and Rules (CPLR) and New York Civil Service Law (CSL) §213 within thirty days after service of the Board's order. The Board's "filing" and "service" definitions (above) do not govern the filing and service requirements of the CPLR or CSL, which are covered by the terms of those statutes. Failure to comply with a final order of this agency will result in an enforcement proceeding in New York Supreme Court pursuant to CSL §213.

(12/98)