UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES GOULD,

    Plaintiff,

vs.                                             07 Civ. 2837 (CLB)
                                                                                                 ECF case

COUNTY OF ROCKLAND,
SUSAN SHERWOOD, sued
in her individual capacity,
JACQUELINE STORMES,
sued in her individual capacity,
KATHLEEN TOWER-BERNSTEIN,
sued in her individual capacity and
JILL LAGNADO, sued in her individual
capacity,

    Defendants.
-------------------------------------------------------------------x

## **PLAINTIFF'S ANSWER TO DEFENDANT COUNTY'S COUNTERCLAIMS**

    As and for his response to the Counterclaims interposed by defendant County of Rockland, plaintiff avers:

1. Admits para. 97.

2. Denies para. 98 as plaintiff was terminated for engaging in protected speech acts.

3. As paragraph 99 sets forth a purely legal conclusion, plaintiff need not admit or deny.

4. Admits para. 100.

5. As paragraph 101 sets forth a purely legal conclusion, plaintiff need not admit or deny.

6. Denies para. 103.

7. Admits that plaintiff did not seek judicial review of the administrative decisions referenced in para. 104.

8. Denies para. 105 since the effective date of plaintiff's termination coincided with the

cessation of payment of his salary.

9. Admits para. 106, though this determination is irrelevant to any issue before this Court.

10. Admits para. 107.

11. Admits para. 108.

12. Denies para. 109 as no such "agreement" compelled plaintiff to repay any of the funds now sought by the County defendant.

13. Denies para. 111 as plaintiff experienced no unjust enrichment from the county defendant's compliance with state civil service law.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over the matters set forth in defendant County of Rockland's counterclaims and 28 U.S.C. sec. 1367 does not afford jurisdiction over said claims as these claims do not arise from the same nucleus of operative facts as do plaintiff's claims.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Defendant County of Rockland is guilty of laches with respect to asserting any such counterclaim and effectively waived any such claim by initiating no timely action to recoup any funds it claims were due from plaintiff to it.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The relief defendant seeks is contrary to state law as defendant County was required by Section 75 of the Civil Service Law of the State of New York to provide plaintiff his wages and related benefits following a thirty day suspension and from then until any determination with respect to section 75 charges against him. During this time period, plaintiff remained employed by the County of Rockland, accrued pension benefits as well as other job-related benefits and did so lawfully, under the provisions of state law.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Defendant County's counter-claims have been brought in retaliation for plaintiff's assertion of his federal constitutional rights and their assertion is intended to punish him for the exercise of those rights. In this light, the Court should sanction those responsible for initiating such claims.

                                      Respectfully submitted,

                                      MICHAEL H. SUSSMAN [3497]

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NY 10924
(845)-294-3991

COUNSEL FOR PLAINTIFF

DATED: MAY 6, 2007