# TAB 2

John D. Winter (JW 3252)
Michael D. Sant'Ambrogio (MS 2337)
PATTERSON BELKNAP WEBB & TYLER LLP
Attorneys for Defendants
1133 Avenue of the Americas
New York, New York 10036

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAMES GOULD,                                              :
                                                          :
             Plaintiff,                                :
                                                          :
   vs.                                                    :
                                                          :        **ANSWER, AFFIRMATIVE**
COUNTY OF ROCKLAND,                                       :        **DEFENSES, AND**
SUSAN SHERWOOD, sued in her individual                    :        <u>**COUNTERCLAIMS**</u>
capacity, JACQUELINE STORMES, sued in her                 :
individual capacity, KATHLEEN                             :
TOWER-BERNSTEIN, sued in her individual                   :        07 Civ. 2837 (CLB)
capacity, and JILL LAGNADO, sued in her                   :
individual capacity,                                      :        **ECF Case**
                                                          :
             Defendants.                               :
------------------------------------------------------------X

       Defendants County of Rockland, Susan Sherwood, Jacqueline Stormes, Kathleen Tower-Bernstein, and Jill Lagnado, by their attorneys, Patterson Belknap Webb & Tyler LLP, answer the correspondingly numbered allegations of the complaint herein as follows:

### AS TO THE PARTIES

       1.     Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 1 of Plaintiff's Complaint, except admit that Plaintiff is a former employee of the County of Rockland Department of Probation.

       2.     To the extent that paragraph 2 states conclusions of law, state that no response is required. To the extent that paragraph 2 states allegations of fact, admit the allegations.

3. Admit that Defendant Sherwood served as Chief of Staff for Rockland County Executive C. Scott Vanderhoef between March 2003 and January 2005 and Deputy County Executive between January 2005 and January 2007 and resides in this judicial district. Defendants otherwise deny the allegations of paragraph 3 of Plaintiff's Complaint.

4. Admit that Defendant Stormes served as Deputy Director of Probation of the County of Rockland Department of Probation between October 2002 and May 2004 and Director of Probation since June 2004 and resides in this judicial district and otherwise deny the allegations of paragraph 4 of Plaintiff's Complaint.

5. Admit that Defendant Tower-Bernstein served as a supervising probation officer for the Rockland County Department of Probation between September 1997 and June 2004 and otherwise deny the allegations of paragraph 5 of Plaintiff's Complaint.

6. Admit that Defendant Lagnado has served as a supervising probation officer for the juvenile unit of the County of Rockland Department of Probation since December 2002 and in that position had direct supervisory responsibility for Plaintiff and otherwise deny the allegations of paragraph 6 of Plaintiff's Complaint.

## AS TO JURISDICTION

7. State that no response is required to the allegations of paragraph 7, which are conclusions of law.

## AS TO FACTUAL AVERMENTS

8. Admit the allegations of paragraph 8.

9. Admit the allegations of paragraph 9.

10. Admit the allegations of paragraph 10.

11. Admit the allegations of paragraph 11.

12. Admit the allegations of paragraph 12.

13. Admit that Plaintiff remained a probation officer from July 1985 until August 1989, when he took a leave of absence from the County that lasted until February 1991, and deny knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 13.

14. Admit the allegations of paragraph 14.

15. Admit the allegations of paragraph 15.

16. Admit the allegations of paragraph 16.

17. Admit the allegations of paragraph 17.

18. Admit the allegations of paragraph 18.

19. Deny the allegations of paragraph 19.

20. Deny the allegations of paragraph 20.

21. Deny the allegations of paragraph 21.

22. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 concerning any complaints made to Plaintiff and otherwise deny the allegations of paragraph 22 of Plaintiff's Complaint.

23. Deny the allegations of paragraph 23.

24. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 24 concerning any complaint made to Plaintiff and otherwise deny the allegations of paragraph 24.

25. Incorporate the responses to the allegations of paragraphs 21 through 24 and otherwise deny knowledge or information sufficient to form a belief as to any additional allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Deny the allegations of paragraph 26.

27. Deny the allegations of paragraph 27.

28. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28.

29. Deny the allegations of paragraph 29.

30. Deny the allegations of paragraph 30.

31. Admit the allegations of paragraph 31.

32. Deny the allegations of paragraph 32 and respond that Defendant Stormes acting in her official capacity informed Plaintiff that he could have a St. Patrick's Day celebration, but Plaintiff declined to organize the party.

33. Deny the allegations of paragraph 33.

34. Deny the allegations of paragraph 34.

35. Deny the allegations of paragraph 35.

36. Deny the allegations of paragraph 36, except admit that in late-March and early-April 2004 Plaintiff made several requests to be excused from a mandatory department training session in order to drive his wife home from work at 5:00 p.m. (which he allegedly did every Thursday) and Defendant Lagnado acting in her official capacity informed Plaintiff that he needed to attend the entire training session.

37. Admit the allegations of paragraph 37.

38. Deny the allegations of paragraph 38.

39. Deny the allegations of paragraph 39.

40. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 40 except admit that Plaintiff was in Cortland, New York on April 24, 2004.

41. Admit that on April 24, 2004 while driving a motor vehicle in Cortland, New York Plaintiff approached a fourteen-year-old boy and asked the boy whether there were any gay bars in the area. The boy responded that he did not know of any gay bars and Plaintiff invited the boy to return to Plaintiff's hotel room with Plaintiff. The boy observed a six pack of beer on the passenger seat of Plaintiff's vehicle and noticed that Plaintiff was rubbing his penis through his pants and had an erection. The boy became startled and walked away. Plaintiff followed the boy in his vehicle until he observed the boy seek assistance from some neighbors. Defendants otherwise deny the allegations of paragraph 41.

42. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 42.

43. Admit that the County of Rockland suspended Plaintiff and commenced disciplinary proceedings against Plaintiff for gross misconduct, insubordination, and making a fraudulent statement after his supervisors discovered that Plaintiff had falsely told a training instructor that Plaintiff was excused by his supervisors from attending a mandatory training session because of work commitments and Plaintiff failed to attend the second day of the mandatory training session in direct contravention of his supervisor's express orders. Defendants otherwise deny the allegations of paragraph 43.

44. Admit that pursuant to the Collective Bargaining Agreement ("CBA") between the County of Rockland and the Civil Service Employees Association ("CSEA"), on April 12, 2005, an arbitrator found Plaintiff guilty of gross misconduct and premeditated

insubordination and making a fraudulent statement and suspended Plaintiff without pay for seven months. (See Exhibit A attached hereto.) Plaintiff did not appeal the arbitration decision. Defendants otherwise deny the allegations of paragraph 44.

45. Admit that on November 19, 2004 the County of Rockland Department of Probation filed a Notice of Disciplinary Charges against Plaintiff and subsequently amended its Notice to charge Plaintiff with Gross Misconduct: Intentionally Endangering the Welfare of a Child; Gross Misconduct: Recklessly Endangering the Welfare of a Child; Gross Misconduct: Second Degree Harassment of a 14-Year Old Boy in Violation of Section 24.26(3) of the New York State Penal Law; and Gross Misconduct: Injury to the Reputation of the Department based on his sexual harassment and endangerment of an underage youth in Cortland, New York on April 24, 2004.

46. Admit that on June 30, 2006, a Section 75 hearing officer found Plaintiff guilty of each and every charge of Gross Misconduct and recommended the termination of Plaintiff's employment with the County of Rockland effective the date of his disciplinary suspension without pay, i.e., November 19, 2004. On July 11, 2006, the County of Rockland adopted the report and recommendation of the hearing officer, which Plaintiff did not appeal. (See Exhibit B attached hereto.) Defendants otherwise deny the allegations of paragraph 46.

47. Deny the allegations of paragraph 47.

48. Deny the allegations of paragraph 48 except admit that the Cortland County District Attorney instigated criminal proceedings against Plaintiff based on his sexual harassment and endangerment of a 14-year-old boy on April 24, 2004.

49. Deny the allegations of paragraph 49.

50. Admit that Plaintiff pled guilty to Harassment in the Second Degree, a violation, as a result of the criminal charges brought against Plaintiff. (See Exhibit C attached hereto.)

51. Admit that Defendant County of Rockland obtained by means of a subpoena records of Plaintiff's telephone calls using his office telephone and cell phone and otherwise deny the allegations of paragraph 51.

52. Admit that in the course of their investigation Rockland County investigators spoke with some of the juveniles assigned to Plaintiff and otherwise deny the allegations of paragraph 52.

53. Admit that the juveniles interviewed by Rockland County investigators did not indicate that plaintiff had engaged in sexually untoward or inappropriate conduct towards them and otherwise deny the allegations of paragraph 53.

54. Deny the allegations of paragraph 54.

55. Deny the allegations of paragraph 55 except admit that the County of Rockland initiated the disciplinary proceedings against Plaintiff described in Defendants' response to paragraphs 45 through 46.

56. Admit the allegations of paragraph 56.

57. Admit the allegations of paragraph 57.

58. Deny the allegations of paragraph 58.

59. Admit that CSEA agreed to hold the arbitration hearing in Cortland County because the underlying events arose in Cortland County and several witnesses, including Plaintiff's victim, were located in Cortland County, and that the County of Rockland agreed to pay for Plaintiff's accommodations, meals, and travel expenses. Plaintiff subsequently moved to

change the venue for the hearing and the arbitrator denied his motion but agreed to permit the second day of the hearing to be held in Rockland County if Plaintiff presented witnesses from Rockland County in his defense. Plaintiff subsequently filed an improper practice charge relating to CSEA handling of the disciplinary charges brought against him, but the charge was dismissed. (See Exhibit D attached hereto.) Defendants otherwise deny the allegations of paragraph 59.

60. Deny the allegations of paragraph 60 except admit that the CBA provided that the County "shall provide a place for the arbitration hearing on County property," but the CBA does not prohibit holding the hearing elsewhere.

61. Deny the allegations of paragraph 61.

62. To the extent that paragraph 62 states conclusions of law, state that no response is required. To the extent that paragraph 62 states allegations of fact, deny the allegations.

63. To the extent that paragraph 63 states conclusions of law, state that no response is required. To the extent that paragraph 63 states allegations of fact, deny the allegations.

64. To the extent that paragraph 64 states conclusions of law, state that no response is required. To the extent that paragraph 64 states allegations of fact, deny the allegations.

65. Admit that MR, who was employed by the Department of Probation as a probation assistant with no supervisory authority over probationers, was charged with assault in or about 2001, and otherwise deny knowledge or information sufficient to form a belief as to the allegations of paragraph 65.

66. Admit that MR was not suspended by the Department of Probation and respond that upon information and belief the charges against MR were dropped.

67. Admit that FB, an employee of the Department of Probation was charged with driving while intoxicated ("DWI") in or about 2002 and otherwise deny knowledge or information sufficient to form a belief as to the allegations of paragraph 67.

68. Deny the allegations of paragraph 68 and respond that the Department of Probation gave FB a choice of retiring or facing disciplinary charges and FB chose to retire.

69. Admit that ET, an employee of the Department of Probation, was charged with trespass as a result of a dispute with her boyfriend, a Rockland County Sheriff, in or about 2004 and otherwise deny knowledge or information sufficient to form a belief as to the allegations of paragraph 69.

70. Admit that ET was suspended and was only reinstated with salary after the charges against her were dropped.

71. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 71.

72. Admit that the County did not take any action against ET's "boyfriend" because he was an employee of the Sheriff's Department and the County is unaware of any criminal charges or other complaints that have ever been brought against him.

73. Deny the allegations of paragraph 73 except admit that RM was convicted of vehicular manslaughter in or about December 1985, before the first Rockland County Executive took office.

74. Deny the allegations of paragraph 74.

75. Deny the allegations of paragraph 75 except admit that Defendant Sherwood testified in another case that the County asks senior policymaking employees—commissioners and department heads—to "check-in" before or after speaking to the press to insure that the County communicates its policies to the press (and by extension, the public) in a consistent manner, and so the County Executive is prepared to respond to further inquiries. This practice does not apply to Rockland County employees such as Plaintiff. Defendant Sherwood further testified that there was no policy that applies to County employees as to when they could express themselves on matters of public importance and there would be no adverse consequences for a County employee such as Plaintiff who did engage in such political speech.

76. Deny the allegations of paragraph 76.

77. Deny the allegations of paragraph 77 and respond that the jury referred to by Plaintiff found that the County had not discriminated on the basis of race and would not have promoted the plaintiff in the lawsuit regardless of his public speech.

78. Deny that MP is the head of the County's Department of Transportation and otherwise deny knowledge or information sufficient to form a belief as to the allegations of paragraph 78.

79. Admit that MP was charged with a felony DWI after he was involved in an accident in which two individuals were injured and otherwise deny the allegations of paragraph 79.

80. Admit that the County has not suspended MP because there is no nexus between MP's off-duty conduct and his job responsibilities, which involve selling advertising space for the Department of Transportation. In contrast, there is a nexus between Plaintiff's off-duty sexual harassment and endangerment of an underage youth and his responsibilities as a

juvenile probation officer. Defendants otherwise deny knowledge or information sufficient to form a belief as to the allegations of paragraph 80.

81. Deny the allegations of paragraph 81.

82. Deny the allegations of paragraph 82.

## AS TO THE CAUSES OF ACTION

83. Incorporate the responses to the allegations of paragraphs 1 through 82 as if fully stated herein.

84. To the extent the allegations of paragraph 84 contain conclusions of law, state that no response is required. To the extent the allegations of paragraph 84 contain allegations of fact, deny those allegations.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

85. The complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

86. To the extent the complaint alleges claims against Susan Sherwood, Jacqueline Stormes, Kathleen Tower-Bernstein, and Jill Lagnado (hereinafter collectively, "the Individual Defendants"), Plaintiff's claims are barred by the doctrine of immunity because the Individual Defendants at all times acted in their official capacities.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

87. To the extent the complaint alleges claims against the Individual Defendants in their individual capacities, the Individual Defendants are entitled to immunity because they acted in good faith at all relevant times.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

88. To the extent the complaint alleges claims against the Individual Defendants in their individual capacities, the Individual Defendants are immune from civil liability because their conduct was objectively reasonable.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

89. To the extent the complaint alleges claims against the Individual Defendants in their individual capacities, the Individual Defendants are entitled to immunity because the applicable law concerning their actions was not settled at the time of their alleged wrongdoing.

### AS AND FOR A SIX AFFIRMATIVE DEFENSE

90. Plaintiff's employment was terminated for legitimate, nondiscriminatory reasons.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

91. Plaintiff's alleged speech was not a factor in the decision to terminate Plaintiff's employment.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

92. Plaintiff's cause of action for retaliation is barred by the doctrine of laches and/or the statute of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

93. Plaintiff's cause of action for retaliation is barred by res judicata and/or collateral estoppel.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

94. Plaintiff's cause of action for retaliation is barred by waiver, estoppel, and/or the doctrine of unclean hands.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

95. Plaintiff did not have a property interest in his position as Probation Officer.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

96. Plaintiff has failed to mitigate his damages.

### COUNTERCLAIMS

Defendant County of Rockland, by its attorneys, Patterson Belknap Webb & Tyler LLP, as and for its Counterclaims against Plaintiff-Counterclaim Defendant James Gould alleges as follows:

### THE PARTIES

97. Counterclaim Plaintiff County of Rockland is a municipal corporation organized under the laws of the State of New York.

98. Counterclaim Defendant James Gould is a former juvenile probation officer in the County of Rockland Department of Probation who was terminated for sexually harassing and endangering an underage youth. Counterclaim Defendant resides in this judicial district.

### JURISDICTION AND VENUE

99. If this Court is found to have subject matter jurisdiction over Plaintiff's cause of action pursuant to 28 U.S.C. § 1331, then this Court also has jurisdiction over the County's counterclaims pursuant to 28 U.S.C. § 1367.

100. This Court has personal jurisdiction over Counterclaim Defendant because he resides within the State of New York. Counterclaim Defendant has also consented to jurisdiction by filing this action in this Court.

101. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**AS AND FOR A FIRST COUNTERCLAIM**
**BREACH OF EMPLOYMENT AGREEMENT**

102. Paragraphs 1 through 101 are incorporated herein by references, as if repeated in full.

103. As a result of Counterclaim Defendant's sexual harassment and endangerment of an underage youth in Cortland, New York, his employment was terminated effective November 19, 2004, pursuant to the report and recommendation of a Section 75 hearing officer.

104. Counterclaim Defendant did not appeal the decision to terminate his employment or the effective date of his termination.

105. The County of Rockland paid Counterclaim Defendant salary and benefits in the amount of $96,302.92 beyond the effective date of his termination.

106. On June 1, 2006, the New York Unemployment Insurance Appeal Board denied Counterclaim Defendant's claim for unemployment benefits and affirmed the decision of the Administrative Law Judge disqualifying Counterclaim Defendant from receiving benefits effective November 20, 2004. (See Exhibit E attached hereto.)

107. On July 11, 2006, the County of Rockland demanded repayment of Counterclaim Defendant's salary and benefits beyond the effective date his termination.

108. Counterclaim Defendant has not yet repaid any of the salary or benefits paid to him beyond the effective date of his termination.

109. Counterclaim Defendant has materially breached his employment agreement with the County by failing to repay the salary and benefits paid to him beyond the effective date of his termination.

## AS AND FOR A SECOND COUNTERCLAIM
## UNJUST ENRICHMENT

110. Paragraphs 1 through 109 are incorporated herein by reference, as if repeated in full.

111. Counterclaim Defendant's failure to repay the salary and benefits paid to him by the County beyond the effective date of his termination constitutes unjust enrichment.

**WHEREFORE**, Defendants respectfully request judgment granting Defendants the following relief:

(a) dismissing the Complaint with prejudice;

(b) awarding Defendants costs, disbursements and reasonable attorney's fees; and

(c) awarding Defendants damages in the amount of $96,302.92 for salary and benefits paid to Plaintiff-Counterclaim Defendant Gould beyond the effective date of his termination.

(d) granting such other and further relief as the Court may deem just and proper.

Dated:   May 3, 2007

           PATTERSON BELKNAP WEBB & TYLER LLP

By: _____
      John D. Winter (JW 3252)
      Michael D. Sant'Ambrogio (MS 2337)
      1133 Avenue of the Americas
      New York, New York 10036
      (212) 336-2000

      Attorneys for Defendants

TO:   Michael H. Sussman, Esq.
      Sussman & Watkins
      40 Park Place
      P.O. Box 1005
      Goshen, New York 10924
      (845) 294-3991