# EXHIBIT E



**RICHARD M. ROSENBAUM**
CHAIRMAN
DEANE M. COOKE
MICHAEL T. GREASON
MARYANN K. McCARTHY
TANYA R. DANIEL
MEMBERS

STATE OF NEW YORK
**UNEMPLOYMENT INSURANCE APPEAL BOARD**
PO Box 15126
Albany NY 12212-5126
(518) 402-0205
FAX:(518) 402-6208

JOSEPH P. KEARNEY
EXECUTIVE DIRECTOR
ROBERT A. LORENZO
CHIEF ADMINISTRATIVE LAW JUDGE
ROBIN STROUP
PRINCIPAL ADMINISTRATIVE LAW JUDGE

---

IN THE MATTER OF:

Mailed and Filed: JUN 01 2006
Appeal Board No. 527966

JAMES H GOULD
PO BOX 157
SLATE HILL NY 10973-0000

COUNTY OF ROCKLAND
PERSONNEL OFFICE
18 NEW HEMPSTEAD RD
NEW CITY NY 10956-3626

COUNTY OF ROCKLAND
KATHLEEN TOWER BERNSTEIN
COUNTY OFFICE 18 NEW HEMPSTED
NEW CITY NY 10956-0000

CHARLOTTE G SWIFT
JASON & NESSON LLP ATTNY'S
100 RED SCHOOL HOUSE ROAD
CHESTNUT RIDGE NY 10977-0000

A.S.O. - Appeals Section
Department of Labor Office: 801

A.L.J. Case No. 005-14434

**PLEASE TAKE NOTICE** that the commissioner, or any other party affected by this decision who appeared before the Appeal Board, may appeal questions of law involved in such decision to the Appellate Division of the Supreme Court, Third Department, by written notice mailed to the Unemployment Insurance Appeal Board, PO Box 15126, Albany, New York 12212-5126 within THIRTY DAYS from the date this decision was mailed.

**POR FAVOR TOME NOTA** que el comisionado o cualquier otra parte afectada por esta decisión que haya comparecido ante la Junta de Apelaciones puede apelar aspectos legales de dicha decisión a Appellate Division of the Supreme Court, Third Department, enviando un aviso escrito a Unemployment Insurance Appeal Board, PO Box 15126, Albany, New York 12212-5126 dentro de los TREINTA DIAS a partir de la fecha en que esta decisión fue enviada por correo.

### DECISION OF THE BOARD

PRESENT: DEANE M. COOKE, RICHARD M. ROSENBAUM MEMBERS

The Department of Labor issued the initial determination disqualifying the claimant from receiving benefits effective November 20, 2004, on the basis that the claimant lost employment through misconduct in connection with that employment and holding that the wages paid to the claimant by the County of Rockland prior to November 20, 2004, cannot be used toward the establishment of a claim for benefits. The claimant requested a hearing.

The Administrative Law Judge held hearings at which all parties were accorded a full opportunity to be heard and at which testimony was taken. There were appearances by the claimant and on behalf of the employer. By decision filed date September 1, 2005 (A.L.J. Case No. 005-14434), the Administrative Law Judge sustained the initial determination.

The claimant appealed the Judge's decision to the Appeal Board.

By order filed November 29, 2005, the Board remanded the case to the Hearing Section for a hearing. The Administrative Law Judge held hearings at which all parties were accorded a full opportunity to be heard and

AB 2 (02/06)

Appeal Board No. 527968                                                                  Page 2

at which testimony was taken. There were appearances by the claimant and on behalf of the employer.

Based on the record and testimony in this case, the Board makes the following

<u>FINDINGS OF FACT</u>: The claimant has been employed by a municipality for twenty-eight years and last held the position of senior probation officer in the juvenile unit. On April 28, 2004, the employer preferred disciplinary charges against the claimant pursuant to Civil Service Law §75; the claimant was suspended pending the outcome of a hearing. The claimant has remained suspended from that date to the present; the first thirty days of the suspension were without pay in accordance with the limitations set forth in the Civil Service Law, thereafter, the suspension continued with pay.

On April 24, 2004, the claimant, who was driving his car, pulled up to a curb and asked a fourteen year old male who was in the vicinity whether he knew where a gay bar was located. The fourteen year old noted that the claimant had a six pack of beer in his car. The claimant engaged in further conversation with the fourteen year old, asking him his age and what grade he had reached in school; he also told the fourteen year old that he was staying at a certain motel in Cortland. The fourteen year old and his parents reported the incident to the police, and the claimant was subsequently arrested for the crime of endangering the welfare of a child.

On November 19, 2004, the employer preferred additional disciplinary charges against the claimant based on his actions on April 24, 2004, and removed the claimant from the payroll for thirty days.

On June 28, 2005, the claimant entered a guilty plea in Cortland City Court to harassment in the second degree, a violation of Penal Law § 240.26 (3), which is defined as engaging in a course of conduct which serves no legitimate purpose with the intent to harass, annoy or alarm another.

<u>OPINION</u>: The credible evidence establishes that the claimant engaged in criminal conduct directed toward a fourteen year old male on April 24, 2004. Given his position with the county as a senior probation officer in the juvenile unit, his actions are particularly egregious: He victimized a person in the very class of individuals with whose welfare he was entrusted. Not only do the claimant's actions fall far short of the standards of behavior the employer has a right to expect of him, but he violated the public's trust. The claimant's actions constitute misconduct and, accordingly, we conclude that he was separated from employment under disqualifying circumstances.

<u>DECISION</u>: The decision of the Administrative Law Judge is affirmed.

The initial determination, disqualifying the claimant from receiving benefits effective November 20, 2004, on the basis that the claimant lost employment through misconduct in connection with that employment and holding that the wages paid to the claimant by the County of Rockland prior to November 20, 2004, cannot be used toward the establishment of a claim for benefits, is sustained.

The claimant is denied benefits with respect to the issues decided herein.

SY:VC

DEANE M. COOKE, MEMBER

RICHARD M. ROSENBAUM, MEMBER

AB 2 (02/06)

TOTAL P.03