John D. Winter
Michael D. Sant'Ambrogio
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

JAMES GOULD,                                              :

               Plaintiff,                           :

                            :

        vs.                                      :

                            :

COUNTY OF ROCKLAND,                                       :
SUSAN SHERWOOD, sued in her individual                    :
capacity, JACQUELINE STORMES, sued in her                :
individual capacity, KATHLEEN                             :
TOWER-BERNSTEIN, sued in her individual                   :       07 Civ. 2837 (CLB)
capacity, and JILL LAGNADO, sued in her                   :
individual capacity,                                      :       **ECF Case**
                                                          :
               Defendants.                          :

-------------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS AND TO STAY DISCOVERY

## TABLE OF CONTENTS

**Page**

Table of Authorities.................................................................................................................ii

Preliminary Statement .......................................................................................................... 1

Factual Background .............................................................................................................. 2

The Standards for Granting Judgment on the Pleadings ...................................................... 8

Argument .............................................................................................................................. 8

POINT I. The Prior Proceedings Establish that Plaintiff was Fired for Sexually
      Propositioning an Underage Boy ................................................................................ 9

  POINT II.  There is no Causal Nexus Between the Alleged Speech and the County's
      Actions ...................................................................................................................... 12

POINT III. The Individual Defendants are Entitled to Immunity ...................................... 16

POINT IV. The Court Should Stay Discovery Pending Resolution of Defendants' Motion ........ 18

Conclusion .......................................................................................................................... 20

# TABLE OF AUTHORITIES

## CASES

Adams v. Galletta,
    966 F. Supp. 210 (S.D.N.Y. 1997) ................................................................17

Alfaro Motors, Inc. v. Ward,
    814 F.2d 883, 886 (2d Cir. 1987) ..............................................................17

Almonte v. City of Long Beach,
    478 F.3d 100 (2d Cir. 2007) ......................................................................19

Bell Atlantic Corp. v. Twombly, 127 S.Ct 1955, No. 05-1126, 2007, WL
    1461066 (U.S. May 21, 2007) ..............................................................8, 13

Black v. Coughlin,
    76 F.3d 72 (2d Cir. 1996) ..........................................................................18

Burkybile v. Board of Education of the Hastings-on-Hudson
Union Free School District,
    411 F.3d 306 (2d Cir. 2005) ................................................................15, 16

Crawford-El v. Britton,
    523 U.S. 574 (1998) ..................................................................................16

DeCintio v. Westchester County Medical Ctr.,
    821 F.2d 111 (2d Cir. ), cert. denied, 484 U.S. 965 (1987)........................11

Gorman-Bakos v. Cornell Co-op Extension,
    252 F.3d 545 (2d Cir. 2001) ......................................................................14

Harlow v. Fitzgerald,
    457 U.S. 800 (1982) ..................................................................................16

Hollander v. American Cyanamid Co.,
    895 F.2d 80 (2d Cir. 1990) ..........................................................14, 15, 16

Kearney v. County of Rockland,
    373 F. Supp. 2d 434 (S.D.N.Y. 2005) ......................................................14

Kinzer v. Jackson,
    316 F.3d 139 (2d Cir. 2003) ......................................................................19

Leventhal v. Knapek,
    266 F.3d 64 (2d Cir. 2001) ........................................................................11

Locurto v. Safir,
    264 F.3d 154, 164 (2d Cir. 2001) ................................................................ 19

Malley v. Briggs,
    475 U.S. 335 (1986) ..................................................................................... 16

Morris v. Lindau,
    196 F.3d 102 (2d Cir. 1999) ............................................................... 9, 12, 13

Mount Healthy City Sch. District Board of Education v. Doyle,
    429 U.S. 274 (1977) ................................................................................. 9, 12

Rosa R. v. Connelly,
    889 F.2d 435, 437 (2d Cir. 1989), cert. denied, 496 U.S. 941 (1990) ......... 17

Ryan v. New York Tel. Co.,
    62 N.Y.2d 494, 467 N.E.2d 487, 478 N.Y.S.2d 823 (1984) ....................... 11

Scott v. Coughlin,
    344 F.3d 282 (2d Cir. 2003) .......................................................................... 9

Sheppard v. Beerman,
    18 F.3d 147 (2d Cir. 1994) ............................................................................ 8

Estate of Smith v. Town of West Hartford,
    186 F. Supp. 2d 146 (D. Conn. 2002) ......................................................... 13

Sound Aircraft Services, Inc. v. Town of East Hampton,
    192 F.3d 329 (2d Cir. 1999) ................................................................... 16, 18

University of Tennessee v. Elliott,
    478 U.S. 788 (1986) ..................................................................................... 10

Walker v. Triborough Bridge and Tunnel Authority,
    No. 89 CIV. 0371, 1990 WL. 52139 (S.D.N.Y. April 17, 1990) ............. 11, 12

Wright v. Smith,
    21 F.3d 496 (2d Cir. 1994) .......................................................................... 18

## STATUTES, RULES & REGULATIONS

42 U.S.C. § 1983 ................................................................................................. 1

Fed. R. Civ. P. 12(b)(c) ....................................................................................... 8

Fed. R. Civ. P. 12(c) ...............................................................................................8

## OTHER AUTHORITIES

C. Wright & A. Miller, <u>Federal Practice and Procedure</u> § 1216 .........................................8

Defendants County of Rockland, Susan Sherwood, Jacqueline Stormes, Kathleen Tower-Bernstein, and Jill Lagnado (hereinafter collectively, "Defendants"), by their attorneys, Patterson Belknap Webb & Tyler LLP, submit the following memorandum of law in support of their motion: (1) for judgment on the pleadings pursuant to Rule 12(c); and (2) to stay discovery (the "Motion").

## PRELIMINARY STATEMENT

Plaintiff James Gould's ("Plaintiff's") claim brought pursuant to 42 U.S.C. § 1983 should be dismissed because several prior proceedings entitled to preclusive effect have established that his employment as a Probation Officer with responsibilities for troubled youth was terminated because he sexually propositioned a minor. As a result of this criminal conduct, the Cortland County District Attorney filed criminal charges against Plaintiff, he ultimately pled guilty to harassing the youth, and the Criminal Court Judge ordered Plaintiff to stay away from children while serving his sentence.

In addition, Rockland County conducted its own thorough investigation of the incident and initiated a hearing pursuant to section 75 of the New York Civil Service Law in which Plaintiff was represented by counsel and had the opportunity to introduce evidence and cross-examine witnesses against him. The section 75 hearing officer found Plaintiff guilty of gross misconduct and concluded that Plaintiff was not fit for his position as a Probation Officer with responsibilities for children. She also noted that Plaintiff had previously been found by a neutral arbitrator to be guilty of gross misconduct for unrelated conduct.

Plaintiff is collaterally estopped from challenging these and other findings and conclusions made in prior proceedings. Yet Plaintiff now claims that Defendants

terminated him in retaliation for protected speech that he alleges occurred between December 2002 and March 2004, some of it more than three and a half years before the County actually terminated Plaintiff. Plaintiff did not raise these allegations in any of four prior administrative proceedings.

Defendants are entitled to judgment on the pleadings because: (1) even if Defendants had a retaliatory motive in terminating Plaintiff, which they did not, Plaintiff cannot challenge the finding that he was unfit to serve as a Probation Officer and therefore that he would have been terminated regardless of his alleged speech; and (2) Plaintiff cannot show any causal nexus between the alleged protected speech and the termination of his employment.

Finally, even if Plaintiff is allowed to proceed against the County, defendants Sherwood, Stormes, Tower-Bernstein, and Lagnado (hereinafter collectively, the "Individual Defendants") should be dismissed as parties from the suit because they are entitled to immunity. The Individual Defendants at all times acted in their official capacities and their conduct was objectively reasonable as demonstrated by the findings described below.

## FACTUAL BACKGROUND

The facts set forth below are based upon the pleadings and the exhibits thereto. The allegations in the Complaint are accepted as true solely for purposes of the Motion.

Plaintiff is a former Probation Officer in the County's Department of Probation with responsibilities for troubled youths. (Complaint ¶¶ 1, 15-16; Answer ¶¶ 1, 80 and Exh. B, at 26.) On April 24, 2004, while driving a motor vehicle in Cortland, New

2

York, Plaintiff approached a fourteen-year-old boy and asked him whether there were any gay bars in the area. (Complaint ¶ 41; Answer ¶ 41.) According to the boy's sworn testimony, which was found to be credible by the Section 75 hearing officer, the boy responded that he did not know of any gay bars and Plaintiff then invited the boy to return to Plaintiff's hotel room. The boy observed a six pack of beer on the passenger seat of Plaintiff's vehicle and noticed that Plaintiff was rubbing his penis through his pants and had an erection. The boy became startled and walked away. Plaintiff followed the boy until Plaintiff observed the boy seeking assistance from some neighbors. (Complaint ¶ 41; Answer ¶ 41 and Exh. B at 8-10.)

The Cortland County District Attorney instigated criminal proceedings against Plaintiff based on his sexual harassment of the boy. (Complaint ¶ 48; Answer ¶ 48.) On June 28, 2005, Plaintiff pled guilty to Harassment in the Second Degree (Complaint ¶ 50; Answer ¶ 50 and Exh. C at 5-6.) During his allocution, Plaintiff admitted that he approached a 14-year-old boy on April 24, 2004 and asked him where a bar was located. (Answer Exh. C at 11:11-12:19.) The Criminal Court Judge entered a protective order on behalf of the victim, sentenced Plaintiff to probation, and ordered that Plaintiff complete "community service at a location that does not involve children." (Complaint ¶¶ 41, 45, 50; Answer ¶¶ 41, 45, 46, 50, Exh. C at 6:3-18, 7:20-8:5.)

After learning of the incident, the County initiated its own investigation into Plaintiff's conduct. (Complaint ¶¶ 47, 51.) Seven months later, on November 19, 2004, the County filed a Notice of Disciplinary Charges against Plaintiff pursuant to section 75 of the Civil Service Law. The County charged Plaintiff with Gross Misconduct: Intentionally Endangering the Welfare of a Child; Gross Misconduct: Recklessly

3

Endangering the Welfare of a Child; Gross Misconduct: Second Degree Harassment of a 14-year Old Boy in Violation of Section 24.26(3) of the New York State Penal Law; and Gross Misconduct: Injury to the Reputation of the Department, based on the April 24, 2004 incident in Cortland, New York. (Complaint ¶ 45; Answer ¶ 45 and Exh. B.)

A section 75 hearing was conducted over three days in February 2006 in which the victim, his parents, detectives and officers of the Cortland Police Department and Rockland County Sheriff's Department, and Plaintiff's supervisors testified. Plaintiff was represented by counsel and was given the opportunity to introduce evidence, present testimony, and cross-examine the witnesses against him. On June 30, 2006, the hearing officer found that Plaintiff engaged in the misconduct alleged in each of the charges. The hearing officer further found that the misconduct proven on the record was so severe as to warrant immediate termination of employment because it demonstrated that Plaintiff was not fit to perform the duties of a Probation Officer, which included working with troubled and vulnerable youths. (Complaint ¶ 45; Answer ¶ 45 and Exh. C at 26, 38.) Accordingly, the County terminated Plaintiff's employment, effective November 19, 2004. (Complaint ¶ 46; Answer ¶ 46 and Exh. B at 3.)

Plaintiff's criminal conduct was not his first instance of gross misconduct in connection with his employment. On April 15, 2004, the week before he propositioned the underage youth in Cortland, Plaintiff failed to attend a mandatory training session contrary to his supervisor's explicit instructions. (Complaint ¶¶ 36, 43; Answer ¶¶ 36, 43.) What is more, although Plaintiff repeatedly had been denied permission to leave the training by his supervisor, defendant Lagnado, he falsely told the training instructor that his supervisor

had excused him from the second day of the training.  (Complaint ¶¶ 36, 43; Answer ¶¶ 36, 43 and Exh. A, at 7.)

After learning of Plaintiff's absence and false statements, the County suspended Plaintiff and commenced disciplinary proceedings against him for gross misconduct, insubordination, and making a fraudulent statement.  Pursuant to the Collective Bargaining Agreement ("CBA") between the County and the Civil Service Employees Association ("CSEA"), a Voluntary Labor Tribunal ("VLT") hearing was conducted on January 6 and 24, 2005, in which Plaintiff was represented by counsel and had the opportunity to introduce evidence and examine and cross-examine witnesses. (Complaint ¶ 43; Answer ¶ 43 and Exh. A.)

On April 12, 2005, the Arbitrator found Plaintiff guilty of gross misconduct and premeditated insubordination and making a fraudulent statement and suspended Plaintiff without pay for seven months.  (Complaint ¶ 43; Answer ¶ 43 and Exh. A.)

Plaintiff did not appeal the April 12, 2005 VLT Arbitrator's finding that he was guilty of gross misconduct, premeditated insubordination, and making a fraudulent statement, *or* his dismissal pursuant to the June 30, 2006 Report and Recommendation of the section 75 Hearing Officer.  (Complaint ¶¶ 44, 46; Answer ¶ 44, 46.)

Plaintiff did appeal a Department of Labor determination disqualifying him from receiving unemployment benefits effective November 20, 2004, because he was terminated for cause due to misconduct.  (Answer Exh. E.)  Consequently, an Administrative Law Judge ("ALJ") held a hearing in which both Plaintiff and the County appeared and were given the opportunity to be heard and present testimony.  On September 1, 2005, the ALJ sustained the initial determination disqualifying Plaintiff from

unemployment and he appealed the ALJ's decision to the New York State Unemployment

Insurance Appeal Board.  On June 1, 2006, the Appeal Board affirmed the decision of the

ALJ and opined as follows:

> The credible evidence established that the claimant engaged
> in criminal conduct directed toward a fourteen year old male
> on April 24, 2004.  Given his position with the county as a
> senior probation officer in the juvenile unit, his actions are
> particularly egregious:  He victimized a person in the very
> class of individuals with whose welfare he was entrusted.
> Not only do the claimant's actions fall far short of the
> standards of behavior the employer has a right to expect of
> him, but he violated the public's trust.  The claimant's actions
> constitute misconduct and, accordingly, we conclude that he
> was separated from employment under disqualifying
> circumstances.

(Answer Exh. E, at 2.)

Finally, on October 30, 2006, Plaintiff filed an improper practice charge

with the New York State Public Employment Relations Board ("PERB") relating to

CSEA's handling of the disciplinary charges brought against him, but the charge was

dismissed because Plaintiff did not identify any act or omission by CSEA within the four

month period of limitation imposed by the Rules.  (Answer ¶ 59 and Exh. D.)

To recapitulate, Plaintiff has been found guilty of gross/criminal

misconduct by four adjudicatory bodies after being given an opportunity to present

evidence and testimony on his behalf and cross-examine witnesses testifying against him:

(1) the VLT Arbitrator found him guilty of gross misconduct based on his absence from a

mandatory training session and the false statements he made to the training instructor;

(2) the section 75 hearing officer found him guilty of gross misconduct and unfit to serve

as a Probation Officer based on his sexual harassment of an underage youth; (3) the ALJ

found that Plaintiff was denied unemployment insurance due to his misconduct; and (4) the

Unemployment Insurance Appeal Board concluded that Plaintiff was guilty of egregious misconduct because he had engaged in criminal conduct directed toward a fourteen-year-old boy. In addition, Plaintiff pled guilty in criminal court to harassing the underage youth. Yet Plaintiff now alleges for the first time that he was terminated in retaliation for protected First Amendment activity. (Complaint ¶ 62.)

Plaintiff does not specify the speech that he believes is protected, but the following alleged speech can be discerned from the Complaint:

- In December 2002 Plaintiff complained to defendant Tower-Bernstein that he was groped in public by a female employee at a Christmas party. (Complaint ¶ 19.)

- In the summer of 2003 Plaintiff told defendant Tower-Bernstein that other employees of the County were upset that the County had taken no remedial action concerning inappropriate conduct at the Christmas 2002 party. (Complaint ¶¶ 26-27.)

- In November 2003 Plaintiff interceded on behalf of colleague who was verbally attacked by a trainer. (Complaint ¶¶ 28-29.)

- In March 2004 Plaintiff told defendant Stormes that he had raised complaints about the 2002 Christmas party. (Complaint ¶ 33.)

- Sometime prior to March 2004, Plaintiff told defendant Tower-Bernstein that she had never acted on complaints about the December 2002 Christmas party. (Complaint ¶¶ 34-35.)

- On or about April 23, 2004, Plaintiff told defendant Sherwood that "he had strong concerns about illegal departmental practices going on upstairs[.]" (Complaint ¶ 38.)

Plaintiff did not raise any allegation of retaliation for the exercise of his First Amendment rights in any of the five prior proceedings discussed above, despite ample opportunity to do so.

7

## THE STANDARDS FOR GRANTING
## JUDGMENT ON THE PLEADINGS

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Motion is appropriately timed: it will not cause any delay, as Defendants have recently filed their Answer, Affirmative Defenses, and Counterclaims, no scheduling conference has taken place and trial has not been scheduled. If granted, the Motion will dispose of all counts in the Complaint.

A motion for judgment on the pleadings is similar to a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and should be granted if the moving party establishes that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief and the moving party is entitled to judgment as a matter of law. Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). For purposes of the motion, the court accepts as true all well-pleaded facts asserted by the non-moving party and must draw all reasonable inferences in favor of the non-moving party. Id. But vague or conclusory allegations are insufficient to overcome a motion to dismiss or a motion for judgment on the pleadings; factual allegations must be enough to raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 127 S.Ct 1955, No. 05-1126, 2007, WL 1461066 (U.S. May 21, 2007); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).

### ARGUMENT

A plaintiff making a section 1983 First Amendment retaliation claim must demonstrate by a preponderance of the evidence that: (1) his speech was constitutionally protected; (2) he suffered an adverse employment decision; and (3) a causal connection

8

exists between his speech and the adverse employment determination against him, so that it can be said that his speech was a motivating factor in the determination. Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 283-87 (1977); Morris v. Lindau, 196 F.3d 102, 110 (2d Cir. 1999).

If a plaintiff establishes these three factors, the defendant has the opportunity to show by a preponderance of the evidence that it would have taken the same adverse employment action "even in the absence of the protected conduct." Mount Healthy, 429 U.S. at 287; Morris, 196 F.3d at 110. Thus, even if the Court accepts Plaintiff's allegations of a retaliatory motive as true for purposes of the Motion, which they are not, Defendants are entitled to dismissal "if [they] can show dual motivation, i.e., that even without the improper motivation the alleged retaliatory action would have occurred." Scott v. Coughlin, 344 F.3d 282, 287-88 (2d Cir. 2003) (citing Mt. Healthy, 429 U.S. at 287). Disciplinary action does not constitute unlawful retaliation if a proper motive exists alongside an improper one and the disciplinary action would have been taken regardless of the improper motive. Mt. Healthy, 429 U.S. at 287.

## POINT I.

### THE PRIOR PROCEEDINGS ESTABLISH THAT PLAINTIFF WAS FIRED FOR SEXUALLY PROPOSITIONING AN UNDERAGE BOY

The complaint fails to state a claim upon which relief may be granted because the prior proceedings and Plaintifff's own guilty plea establish that his employment would have been terminated for egregious misconduct regardless of any alleged improper motive. Put simply, the County had no choice but to terminate Plaintiff's

9

employment given his responsibilities for children and his criminal conduct directed towards a minor.

Four different neutral adjudicatory bodies have found Plaintiff guilty of gross misconduct: (1) on April 12, 2005, a neutral arbitrator found Plaintiff guilty of gross misconduct, premeditated insubordination and making a fraudulent statement and suspended Plaintiff for seven months without pay (Complaint ¶ 43; Answer ¶ 43 and Exh. A); (2) on June 30, 2006, a section 75 hearing officer found Plaintiff guilty of four counts of gross misconduct related to his sexual harassment of a 14-year-old boy and recommended Plaintiff's immediate termination (Complaint ¶ 45; Answer ¶ 45 and Exh. B); (3) on September 1, 2005, an ALJ sustained the determination of the Department of Labor that Plaintiff had lost employment due to misconduct (Answer Exh. E); and (4) on June 1, 2006, the Unemployment Insurance Appeal Board affirmed the ALJ, concluding that the credible evidence establishes that the claimant engaged in criminal conduct (Answer Exh. E). In addition, Plaintiff pled guilty to harassing an underage youth. (Complaint ¶ 50; Answer Exh. C).

Plaintiff is collaterally estopped from challenging the findings of these administrative proceedings. "'[W]hen a state agency 'acting in a judicial capacity … resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate,' Federal courts must give the agency's fact finding the same preclusive effect to which it would be entitled in the state's courts." University of Tennessee v. Elliott, 478 U.S. 788, 799 (1986). Under New York law, the quasi-judicial determinations of administrative agencies employing procedures substantially similar to those used in a court of law are given preclusive effect in a subsequent proceedings when

the identical issue has been decided in the prior action.  DeCintio v. Westchester County

Medical Ctr., 821 F.2d 111, 117 (2d Cir. ), cert. denied, 484 U.S. 965 (1987) (citing Ryan

v. New York Tel. Co., 62 N.Y.2d 494, 467 N.E.2d 487, 478 N.Y.S.2d 823 (1984)).

        This Court has held that a section 1983 plaintiff may not re-litigate the

findings of fact of a section 75 hearing officer.  Walker v. Triborough Bridge and Tunnel

Authority, No. 89 CIV. 0371, 1990 WL 52139, *6 (S.D.N.Y. April 17, 1990).  Moreover,

in DeCintio, the Second Circuit suggested without deciding that a plaintiff who fails to

raise a retaliation claim in a section 75 hearing can be precluded from subsequently

bringing a section 1983 retaliation claim based on the same underlying events.  See

DeCintio, 821 F.2d at 116 (concluding that plaintiff had an adequate opportunity to litigate

his retaliation claim in his Section 75 hearing because retaliation may be asserted as a

defense in a Section 75 hearing).  But see Leventhal v. Knapek, 266 F.3d 64, 72 (2d Cir.

2001) (denying preclusive effect of section 75 hearing officer's decision because the parties

settled the disciplinary action before the hearing had concluded and the agency had made a

final determination based on the hearing officer's final recommendations).  Notably,

Plaintiff never suggested during any of these prior proceedings that he was disciplined or

terminated based on a retaliatory motive, despite a full and fair opportunity to do so.  In

this regard, it also is worth noting that Plaintiff's section 75 hearing was held on February

20, 2006, nearly two years after the last alleged speech that forms the basis of his section

1983 retaliation claim, yet Plaintiff did not raise any allegation of retaliation, and his

Complaint does not allege any facts concerning a retaliatory motive that were not known to

him at the time.  (Answer Exh. C at 7.)  This alone should preclude Plaintiff from now

pursuing a section 1983 retaliation claim.  DeCintio, 821 F.2d at 116.

Even if the Court does not bar Plaintiff from bringing a section 1983 retaliation claim because he failed to allege retaliation in his section 75 hearing, he is still bound by the findings of fact that the section 75 hearing officer, as well as the other adjudicatory bodies below, did in fact make. <u>Walker</u>, 1990 WL 52139, *6. The section 75 hearing officer found that "the misconduct proven on this record is so severe as to warrant immediate termination of employment." (Answer Exh. C, at 43.) She further found that "the misconduct in which [Plaintiff] engaged in Cortland, New York was egregious, and it demonstrated that *he is not fit to perform the duties of a Probation Officer*." (<u>Id.</u>) Plaintiff cannot now dispute the hearing officer's finding that he was not fit to perform his duties and that termination of his employment was required. <u>Walker</u>, 1990 WL 52139, *6. Nor can Plaintiff deny that he pled guilty to harassing a minor, a member of the group that he was charged with supervising and protecting as part of his duties as a Probation Officer. (Complaint ¶ 50.) Therefore, Plaintiff cannot dispute that Defendants would have taken the same adverse employment action "even in the absence of the protected conduct." <u>Mount Healthy</u>, 429 U.S. at 287; <u>Morris</u>, 196 F.3d at 110. The same is true of Plaintiff's first suspension, which was ordered by a neutral VLT arbitrator.

## POINT II.

### THERE IS NO CAUSAL NEXUS
### BETWEEN THE ALLEGED SPEECH AND
### THE COUNTY'S ACTIONS

The Complaint also is defective because Plaintiff cannot establish a causal nexus between his alleged speech and the disciplinary actions taken against him. Plaintiff must show "a causal connection sufficient to warrant the inference that the protected speech was a substantial motivating factor in the adverse employment action, that is to say,

the adverse employment action would not have been taken absent the employee's protected speech." Morris, 196 F.3d at 110 (citing Mount Healthy, 429 U.S. at 287). Causation can be established indirectly by means of circumstantial evidence, for example, by showing that the protected activity was followed by adverse treatment in employment, or directly by evidence of retaliatory animus. Id. However, vague or conclusory allegations of a retaliatory animus are insufficient to prevent a dismissal. Bell Atlantic Corp., 127 S. Ct. at 1959; Estate of Smith v. Town of West Hartford, 186 F. Supp. 2d 146, 156 (D. Conn. 2002).

Plaintiff does not allege any direct or circumstantial evidence that could establish "a causal connection sufficient to warrant the inference that the protected speech was a substantial motivating factor in the adverse employment action." Morris, 196 F.3d at 110

First, Plaintiff's allegations that he interceded "[w]hen [a] trainer began verbally attacking one of [his] colleagues" in November 2003 and that he complained to defendant Sherwood on or about April 23, 2004 that "he had strong concerns about illegal departmental practices going on upstairs" (Complaint ¶¶ 29, 38) are too vague to survive dismissal. Estate of Smith, 186 F. Supp. 2d at 156. The Complaint does not allege that this was protected speech because it was of public concern and there is no allegations from which it could be inferred that this was protected speech.

Second, the other alleged protected speech concerns a Christmas party that took place in December 2002.[1] The Second Circuit has not established a specific delay between protected activity and adverse employment action that defeats an inference of

---

[1] Defendants accept solely for purpose of the Motion that this speech was protected, although Defendants contend that it is not.

causation in all cases. Gorman-Bakos v. Cornell Co-op Extension, 252 F.3d 545, 554-55

(2d Cir. 2001). But it has found that a lapse of only three months between protected

speech and an alleged retaliatory action can be fatal to a showing of causation. See

Hollander v. American Cyanamid Co., 895 F.2d 80, 85-86 (2d Cir. 1990).

Although Plaintiff alleges that he complained about behavior at the 2002

Christmas party four times between December 2002 and March 2004, no adverse

employment action was taken against him during this time. Rather, the County filed the

first disciplinary charges against Plaintiff immediately following his absence from a

mandatory training session and the revelation that he had falsely told the trainer that he

was excused from the training. Although these charges were filed in April 2004, the

record reflects that the County filed disciplinary charges at the same time against another

Probation Officer because she too was absent from the mandatory training. (Answer Exh.

A at 8.) Plaintiff does not allege that his colleague also was punished for protected speech

or spared punishment because she did not engage in protected speech. Therefore, Plaintiff

cannot establish a causal connection between his alleged speech between December 2002

and March 2004 and the disciplinary charges filed against him for misconduct in April

2004. See Kearney v. County of Rockland, 373 F. Supp. 2d 434 (S.D.N.Y. 2005) (holding

that there was no causal nexus between plaintiff's speech and the County's failure to

promote her when several other individuals were promoted even though they engaged in

the same speech).

The County did not file the second disciplinary action, which resulted in

Plaintiff's termination, until November 19, 2004, eight months after the last alleged act of

protected speech by Plaintiff. Moreover, the County did not terminate Plaintiff's

employment until July 11, 2006, more than two years after his last alleged act of protected speech and more than three years after the first. Such an extended lapse of time between the alleged protected speech and the adverse employment action is fatal to a showing of causation. See Hollander, 895 F.2d at 85-86.

Furthermore, the County did not file the second disciplinary action until it had conducted a thorough investigation of the criminal incident in Cortland, New York in which Plaintiff sexually harassed a minor. (Complaint ¶¶ 45, 47; Answer ¶ 45.) In Burkybile v. Board of Educ. of the Hastings-on-Hudson Union Free School District, 411 F.3d 306, 314 (2d Cir. 2005), the Second Circuit held that a defendant's investigation of alleged criminal activity on the part of the plaintiff before taking disciplinary action indicated good faith on the part of the defendants and "destroy[ed] any inference of retaliatory animus." Similarly, the County's investigation into Plaintiff's criminal conduct prior to filing disciplinary charges "destroys any inference of retaliatory animus" in this matter. Burkybile, 411 F.3d at 314.

In sum, the County did not file disciplinary charges against Plaintiff until it had completed a thorough investigation of his criminal conduct directed at a minor, and it did not terminate Plaintiff's employment until it received the report and recommendation of the section 75 hearing officer finding that Plaintiff was unfit to serve as a Probation Officer based on a three-day hearing in which Plaintiff had the opportunity to present evidence and testimony and cross-examine witnesses against him. Plaintiff was not finally terminated until July 11, 2006, more than two years after the last alleged act of protected speech and more than three years after the first.

Plaintiff cannot show a causal nexus between his termination and the alleged speech sufficient to sustain his claim.  Burkybile, 411 F.3d at 314; Hollander, 895 F.2d at 85-86.  Therefore, he has failed to state a claim upon which relief may be granted.

### POINT III.

### THE INDIVIDUAL DEFENDANTS ARE
### ENTITLED TO IMMUNITY

Plaintiff's claims against the Individual Defendants should be dismissed because at all times they acted in their official capacities and they are entitled to qualified immunity.

"Qualified immunity shields 'government officials performing discretionary functions .. from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'  Because the focus of the qualified immunity inquiry is on the objective reasonableness of the defendant's actions, motivation does not come into play.  Thus qualified immunity may shield a defendant from liability 'even when the official conduct is motivated, in part, by hostility to the plaintiff.'"  Sound Aircraft Services, Inc. v. Town of East Hampton, 192 F.3d 329, 334 (2d Cir. 1999) (quoting Crawford-El v. Britton, 523 U.S. 574 (1998), and Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  "As the qualified immunity defense has evolved, it provides ample protection to all but the plainly incompetent or those who knowingly violate the law."  Malley v. Briggs, 475 U.S. 335, 341 (1986).

Four neutral adjudicatory bodies in which Plaintiff had the opportunity to present evidence and testimony and cross-examine witnesses against him found him guilty of misconduct.  Indeed, defendant Stormes terminated Plaintiff's employment pursuant to

16

the Report and Recommendation of the section 75 hearing officer who found that Plaintiff

was unfit to perform his responsibilities as a Probation Officer.  Plaintiff can hardly

complain that Stormes' actions were objectively unreasonable given that Plaintiff had

responsibilities for supervising children and pled guilty to harassing a child.  It would have

been objectively unreasonable for Stormes *not* to have terminated Plaintiff's employment.

　　　　Moreover, there is no allegation in the Complaint that defendants

Sherwood, Tower-Bernstein, or Lagnado were personally involved with any adverse

employment actions taken against Plaintiff.  The Complaint merely alleges that Sherwood

directed the County's investigation of Plaintiff's criminal conduct (Complaint ¶ 47), that

Sherwood and Tower-Bernstein did not act on his alleged complaints to them (Complaint

¶¶ 20, 27, 30, 34, and 39) and that Lagnado denied Plaintiff's request to leave a mandatory

training (Complaint ¶ 36).  The Complaint does not allege that any of them were

personally involved in the decision to file disciplinary charges against Plaintiff or to

terminate his employment.

　　　　It is well settled that a complaint alleging a cause of action pursuant to

section 1983 is "fatally defective on its face if it fails to allege that the defendants were

directly and personally responsible for the purported unlawful conduct."  Adams v.

Galletta, 966 F. Supp. 210, 212 (S.D.N.Y. 1997) (dismissing complaint against defendant

who merely had supervisory authority) (citing Rosa R. v. Connelly, 889 F.2d 435, 437 (2d

Cir. 1989), cert. denied, 496 U.S. 941 (1990), and Alfaro Motors, Inc. v. Ward, 814 F.2d

883, 886 (2d Cir. 1987)).  "Personal involvement for purposes of a § 1983 action means

direct participation, or failure to remedy the alleged wrong after learning of it, or creation

of a policy or custom under which unconstitutional practices occurred, or gross negligence

in managing subordinates." <u>Black v. Coughlin</u>, 76 F.3d 72, 74 (2d Cir. 1996) (affirming dismissal of complaint because defendant may not be held liable for constitutional violations merely because he held a high position of authority); <u>see also</u> <u>Wright v. Smith</u>, 21 F.3d 496, 501 (2d Cir. 1994).

Plaintiff's Complaint does not allege that defendants Sherwood, Tower-Bernstein, or Lagnado directly participated in any adverse employment action against him, failed to remedy any such action after learning of it, or were grossly negligent in managing any subordinates who deprived Plaintiff of his constitutional rights. Consequently, Plaintiff has failed to state a claim upon which relief may be granted against defendants Sherwood, Tower-Bernstein, and Lagnado. <u>Black</u>, 76 F.3d at 74; <u>Wright</u>, 21 F.3d at 501.

Therefore, the Individual Defendants should be dismissed from the case because the disciplinary actions taken against Plaintiff were objectively reasonable and they are, therefore, shielded by qualified immunity. <u>Sound Aircraft Services</u>, 192 F.3d at 334. The claims against defendants Sherwood, Tower-Bernstein, and Lagnado should also be dismissed because Plaintiff's complaint does not alleged that they were personally involved in any adverse employment action taken against him on the basis of the alleged exercise of his First Amendment rights. <u>Black</u>, 76 F.3d at 74; <u>Wright</u>, 21 F.3d at 501.

## POINT IV.

### THE COURT SHOULD STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION

Defendants request that the Court stay all discovery pending resolution of their motion for judgment on the pleadings. In light of the findings adverse to Plaintiff in the four prior proceedings and his own guilty plea, Defendants respectfully submit that Plaintiff's section 1983 claim cannot survive this Motion. It would be a waste of the

18

parties' time and money, and very likely judicial resources as well, to embark upon discovery only to have the Complaint dismissed.

Furthermore, the Individual Defendants are entitled to an immediate interlocutory appeal in the unlikely event that the Court rejects their defense of qualified immunity because they contend they are entitled to immunity even under Plaintiff's version of the facts. Almonte v. City of Long Beach, 478 F.3d 100, 105-06 (2d Cir. 2007); Kinzer v. Jackson, 316 F.3d 139, 143 (2d Cir. 2003). The interlocutory appeal preserves "defendant's right to avoid pre-trial discovery." Almonte, 478 F.3d at 105 (quoting Locurto v. Safir, 264 F.3d 154, 164 (2d Cir. 2001)). Therefore, it would make no sense to subject the Individual Defendants to discovery until their qualified immunity defense is resolved.

Accordingly, Defendants respectfully request that the Court stay discovery pending the resolution of the Motion.

## CONCLUSION

For the reasons stated above, judgment should be granted in favor of

Defendants dismissing Plaintiff's complaint with prejudice.

Dated:    May 31, 2007

PATTERSON BELKNAP WEBB & TYLER LLP

By: _____

John D. Winter, Esq.
Michael D. Sant'Ambrogio, Esq.
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Defendants*