John D. Winter
Michelle W. Cohen
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAMES GOULD,                                              :
                                                          :
               Plaintiff,                                 :
                                                          :
       vs.                                                :
                                                          :
COUNTY OF ROCKLAND,                                       :
SUSAN SHERWOOD, sued in her individual                    :
capacity, JACQUELINE STORMES, sued in her                 :
individual capacity, KATHLEEN                             :
TOWER-BERNSTEIN, sued in her individual                   :   07 Civ. 2837 (CLB)
capacity, and JILL LAGNADO, sued in her                   :
individual capacity,                                      :   **ECF Case**
                                                          :
               Defendants.                                :
------------------------------------------------------------X

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
THEIR MOTION FOR JUDGMENT ON THE PLEADINGS
AND TO STAY DISCOVERY**

## TABLE OF CONTENTS

**Page**

Table of Authorities ................................................................................................ ii

Preliminary Statement ............................................................................................. 1

The Standards for Granting Judgment on the Pleadings ........................................ 2

I.     Plaintiff's Factual Assertions About the Record Before the Court are Inaccurate ............................................................................................. 3

II.    Plaintiff May Not Use This Forum to Re-Litigate The Section 75 Hearing Officer's Factual Findings ................................................................. 4

III.   There is no Causal Nexus Between the Alleged Speech and the County's Actions .................................................................................................. 6

IV.   The Claims Against the Individual Defendants Should Be Dismissed ................. 8

Conclusion ............................................................................................................. 10

## TABLE OF AUTHORITIES

### CASES

Bell Atlantic v. Twombly,
　127 S. Ct. 1955 (May 21, 2007) .................................................................. 3, 7

Canario v. The City of New York,
　No. 05 CIV. 9343, 2006 WL. 2015651 (S.D.N.Y. July 12, 2006) ................ 2

Conley v. Gibson,
　355 U.S. 41 (1957) ........................................................................................ 2

Iqbal v. Hasty,
　No. 05-5768, 2007 WL. 1717803 (2d Cir. June 14, 2007) ..................... 3, 7, 9

Locurto v. Safir,
　264 F.3d 154 (2d Cir. 2001) .......................................................................... 8

Madonna v. United States,
　878 F.2d 62 (2d Cir. 1989) ............................................................................ 2

Morris v. Lindau,
　196 F.3d 102 (2d Cir. 1999) .......................................................................... 6

Mt. Healthy City Sch. District Board of Education v. Doyle,
　429 U.S. 274 (1977) ...................................................................................... 5

Provost v. City of Newburgh,
　262 F.3d 146 (2d Cir. 2001) .......................................................................... 9

Rodriguez v. Barnhart,
　No. 03 Civ. 7272, 2004 WL. 1970141 (S.D.N.Y. Aug. 23, 2004) ................ 2

Savoy v. City of Newburgh,
　No. 06-2741, 2007 WL. 1725482 (2d Cir. June 13, 2007) .......................... 6

Scott v. Coughlin,
　344 F.3d 282 (2d Cir. 2003) ...................................................................... 5, 6

Estate of Smith v. Town of West Hartford,
　186 F. Supp. 2d 146 (D.Conn. 2002) ......................................................... 6, 8

University of Tennessee v. Elliott,
　478 U.S. 788 (1986) .................................................................................... 10

<u>Walker v. Triborough Bridge and Tunnel Authority</u>,
 No. 89 CIV. 0371, 1990 WL. 52139 (S.D.N.Y. April 17, 1990) ............................... 4, 5

<u>Wright v. Smith</u>,
 21 F.3d 496 (2d Cir. 1994) ........................................................................................ 9

<u>Walker v. Triborough Bridge and Tunnel Authority</u>,
 No. 89 CIV. 0371, 1990 WL. 52139 (S.D.N.Y. April 17, 1990) ............................... 4, 5

<u>Wright v. Smith</u>,
 21 F.3d 496 (2d Cir. 1994) ........................................................................................ 9

Defendants County of Rockland, Susan Sherwood, Jacqueline Stormes, Kathleen Tower-Bernstein, and Jill Lagnado (hereinafter collectively "Defendants") submit this reply memorandum of law in further support of their motion: (1) for judgment on the pleadings pursuant to Rule 12(c); and (2) to stay discovery.

## PRELIMINARY STATEMENT

Plaintiff contends that dismissal is not warranted here because there is a factual basis in the Complaint to support the claim that his termination was precipitated solely by his protected speech in violation of his First Amendment rights. Plaintiff's contention is erroneous as his opposition papers are based on irrelevant legal standards, conclusory allegations and factual inaccuracies. Although he avoids discussing the factual underpinnings of his termination, plaintiff does contest the factual findings of the Section 75 hearing officer. (Plaintiff's Opposition Memo at 15, 20 (hereinafter "Opp. Memo")) However, as a matter of law, these facts are entitled to preclusive effect and unquestionably demonstrate that the County had an objectively reasonable basis for terminating plaintiff. Indeed, the uncontrovertible facts and issues that plaintiff is precluded from relitigating demonstrate that the County had no choice but to terminate plaintiff given the serious and offensive nature of his off-duty criminal misconduct.

Specifically, on April 24, 2004, plaintiff approached a minor in Cortland, New York and asked him whether there were any gay bars in the area. (Complaint ¶ 41; Answer ¶ 41) According to the victim's sworn testimony, which was found to be credible by the Section 75 hearing officer, during their conversation plaintiff: (1) was made aware that the victim was only fourteen years old; (2) could be seen rubbing his penis through his pants and had an erection; and (3) invited the victim to return to his hotel. (hereinafter "Cortland harassment incident")(Answer ¶ 41 and Exh. B at 13-14) It is on the basis of

1

these factual findings by the Section 75 hearing officer, and her recommendation, that the County terminated Plaintiff's position as a Probation Officer with responsibilities for children under the age of eighteen. No matter how many different ways plaintiff glosses over these facts, it is clear that the County had a legitimate reason for terminating his employment, as he was not fit to perform the duties of a Probation Officer helping "troubled youths."

**THE STANDARDS FOR GRANTING JUDGMENT ON THE PLEADINGS**

Defendants bring this motion for judgment on the pleadings pursuant to Rule 12(c). This is *not* a motion to dismiss pursuant to Rule 12(b)(6) and the Court's consideration is *not* limited to the factual allegations contained in the Complaint as plaintiff erroneously maintains. (Opp. Memo at 10-12) Rather, the Court must consider the factual allegations set forth in *all* the pleadings, namely the Complaint, the Answer and any materials attached to either pleading. Canario v. The City of New York, No. 05 CIV. 9343, 2006 WL 2015651, *1-2 (S.D.N.Y. July 12, 2006); Rodriguez v. Barnhart, No. 03 Civ 7272, 2004 WL 1970141, *8 (S.D.N.Y. Aug. 23, 2004).

A motion for judgment on the pleadings is evaluated under the same standards as a motion to dismiss for failure to state a claim. Canario, 2006 WL 2015651, at *1. Specifically, the Court must view the pleadings in a light most favorable to the non-moving party and must draw reasonable inferences in favor of the non-moving party. Madonna v. United States, 878 F.2d 62, 65 (2d Cir. 1989). However, plaintiff misstates the applicable pleading standard when he declares that a motion to dismiss must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (Opp. Memo at 11)(internal quotations and citations omitted) This rule, enunciated in Conley v. Gibson, 355 U.S. 41 (1957), recently

2

was disavowed by the Supreme Court, and replaced with a new pleading standard requiring that a plaintiff's factual allegations "be enough to raise a right to relief above the speculative level" to survive dismissal. Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1965 (May 21, 2007). In other words, the Supreme Court adopted a "plausibility standard," which obliges a pleader to amplify a claim with factual allegations to render the claim plausible. Iqbal v. Hasty, No. 05-5768, 2007 WL 1717803, at *11 (2d Cir. June 14, 2007)(analyzing the new pleading standard articulated in Bell Atlantic). Plaintiff's allegations do not satisfy this standard.

I. **PLAINTIFF'S FACTUAL ASSERTIONS ABOUT THE RECORD BEFORE THE COURT ARE INACCURATE**

Plaintiff argues that facts proffered by Defendants are not contained in the Complaint and, therefore, must be ignored. (Opp. Memo 11-12) Plaintiff is incorrect because the facts about which plaintiff complains are contained in the pleadings and as such must be considered by the Court on this Rule 12(c) motion:

- Plaintiff insists that he never "admitted engaging in 'criminal conduct' toward any minor." (Opp. Memo at 17-18) In fact, plaintiff pled guilty to a violation of New York Penal Law § 240.26(3), Harassment in the Second Degree, to wit, he admitted that with "an intent to harass, annoy or alarm another person [that he] engage[d] in a course of conduct or repeatedly commit[ted] acts which alarm[ed] or seriously annoy[ed] such other person and which serve[d] no legitimate purpose." (Answer Exh. C, at 7) The victim was a fourteen year old boy.[1] (Id. at 12)

- Plaintiff argues that defendants' "intimation that plaintiff was ordered by the Cortland City Judge to not have contact with children is baseless." (Opp. Memo at 12) In fact, at plaintiff's plea allocution, the Judge issued a one-year Order of Protection on behalf of the victim, a minor, and expressly prohibited plaintiff from having "*any contact*" with him. (Answer Exh. C, at 18)(emphasis added) Plaintiff was additionally ordered to complete fifty hours of community

---

[1] While plaintiff argues that he never pled guilty to a "criminal offense," he pled guilty to a violation of the Penal Law. In a very technical sense a violation is not a criminal offense, but this is a distinction without meaning in this case. No matter what descriptive word Plaintiff uses to characterize his criminal misconduct, the fact remains that plaintiff pled guilty to a violation of the Penal Law—harassment of a minor. That conduct—which plaintiff admitted to during his plea allocution—also served as the basis for his termination.

3

service "*at a location that does not involve children.*" (Answer Exh. C, at 9)(emphasis added)

- Plaintiff contends that the Complaint does not allege that plaintiff "invited the boy to return to his hotel room," nor that plaintiff was "rubbing his penis through his pants and had an erection," nor that plaintiff "followed the boy until Plaintiff observed the boy seeking assistance from some neighbors." (Opp. Memo at 12)  In fact, all of these allegations are contained in the Answer (Answer ¶ 41) and were included in the Section 75 hearing officer's recitation of the hearing testimony provided by Plaintiff's victim. (Answer Exh. B, at 13-14)

- Plaintiff submits that the facts underlying plaintiff's first disciplinary proceeding are beyond the scope of the Complaint. (Opp. Memo at 12)  In fact, the facts on which that proceeding was premised are unmistakably set forth in the Answer. (Answer ¶¶ 36, 44; Answer Exh. A)

- Plaintiff maintains that there is no allegation in the Complaint concerning disciplinary charges that were filed against another Probation Officer that similarly missed the April 15, 2004 mandatory training session. (Opp. Memo at 19)  In fact, the VTL Arbitrator's decision, which discussed the charges and disposition against this other Probation Officer, was appended to the Answer. (Answer Exh. A, at 8)

## II.   PLAINTIFF MAY NOT USE THIS FORUM TO RE-LITIGATE THE SECTION 75 HEARING OFFICER'S FACTUAL FINDINGS

Plaintiff is bound by the Section 75 hearing officer's factual findings (findings which he did not appeal, although he had ample opportunity to do so) and he may not use this forum to re-litigate those findings and issues related to the findings.  <u>Walker v. Triborough Bridge and Tunnel Authority</u>, No. 89 CIV. 0371, 1990 WL 52139, *6 (S.D.N.Y. April 17, 1990).

Attempting to avoid preclusive effect being granted to the hearing officer's findings, plaintiff argues that he was denied a full and fair opportunity to litigate the claims in the Section 75 hearing. (Opp. Memo at 14)  However, the pleadings aptly demonstrate that plaintiff was, in fact, accorded a full and fair opportunity to litigate the charges against him and issues he seeks to re-litigate in this forum were carefully considered—and rejected—by the hearing officer:

4

- Plaintiff was represented by able counsel during the hearing and "had full and fair opportunity to present evidence and argument, to engage in the examination and cross-examination of sworn (or affirmed) witnesses, and otherwise to support [his] positions." (Answer Exh. B, at 7)

- Plaintiff's argument that defendants learned that "Gould's juvenile accuser had repeatedly contradicted himself and told radically different stories," (Opp. Memo at 20) was made by plaintiff during his Section 75 hearing and the hearing officer found that "the inconsistencies alleged by [Gould] as to [the victim's] story are not substantial inconsistencies and can be explained either by the level of detail of the questioner or by the fact that [the victim] was 'shaky' immediately after the event and, by [the victim's] own testimony, he may not have recited the events in the exact order in which they happened." (Answer Exh. B, at 19-20)

- Plaintiff's assertion that the victim was somehow "complicit" in plaintiff's harassment of him to support his contention that but for his protected speech, the County would not have launched an investigation into plaintiff's misconduct and he would not have been terminated (Opp. Memo at 15) was made—and expressly rejected—in the Section 75 hearing. The hearing officer stated: "Any suggestion by [Gould] that [the victim] was questioning his sexuality and therefore fantasized or imagined or embellished this encounter is expressly rejected. If [the victim] was questioning his sexuality, that may have contributed to his willingness to have any conversation with this stranger. The Hearing Officer finds no indication whatsoever that the incident was the product of [the victim's] imagination or fantasy." (Answer Exh. B, at 32)(emphasis in original)

Under these circumstances, the hearing officer's finding that "the misconduct in which [Plaintiff] engaged in Cortland, New York was egregious, and it demonstrated that he is not fit to perform the duties of a Probation Officer," (Answer Exh. B, at 43) is entitled to preclusive effect. See Walker, 1990 WL 52139, at *6.

Plaintiff's argument that his protected speech motivated the County to investigate the Cortland harassment incident and initiate the disciplinary proceedings against him (Opp. Memo at 15, 18-20) – assuming the assertion is true – does not save his case from dismissal. If the County would have reached the same decision to fire plaintiff, even in the absence of his protected speech, plaintiff's case must be dismissed. See Scott v. Coughlin, 344 F.3d 282, 287-88 (2d Cir. 2003)(citing Mt. Healthy City Sch. Dist. Bd. of

5

Educ. v. Doyle, 429 U.S. 274, 287 (1977)). It is difficult to imagine a more proper basis for terminating an individual's employment than the situation here. Plaintiff, whose job as a Probation Officer required that he spend his days helping troubled youth, was found to have endangered and sexually harassed a child, by an independent hearing officer who ordered his termination. Even on a First Amendment retaliatory discharge claim plaintiff is precluded from re-litigating these facts. See Savoy v. City of Newburgh, No. 06-2741, 2007 WL 1725482, *2 (2d Cir. June 13, 2007)(precluding plaintiff from re-litigating a factual issue in First Amendment retaliation case that previously had been decided). Thus, regardless of any speech by plaintiff, the County undeniably had to terminate him, which mandates dismissal of his case. Scott, 344 F.3d at 287-88.

### III. THERE IS NO CAUSAL NEXUS BETWEEN THE ALLEGED SPEECH AND THE COUNTY'S ACTIONS

To prevail on his section 1983 First Amendment claim, plaintiff must demonstrate a causal connection between his allegedly protected speech and the disciplinary action taken against him, so that it can be said that his speech was a motivating factor in the determination to terminate his employment. Morris v. Lindau, 196 F.3d 102, 110 (2d Cir. 1999) Causation can be established directly by evidence of retaliatory animus or indirectly by means of circumstantial evidence. Id. Plaintiff's reliance on vague and conclusory allegations, unsupported by fact, are insufficient to meet this burden. Estate of Smith v. Town of West Hartford, 186 F. Supp. 2d 146, 156 (D.Conn. 2002).

The Complaint and plaintiff's opposition papers only contain conclusory allegations that "but for [Plaintiff's] protected speech" defendants would not have sought to have him fired, but are utterly devoid of any plausible factual support for these contentions. (Opp. Memo at 15, 18-20) Plaintiff argues that the Complaint "plainly alleges" the requisite causal connection, (Opp. Memo at 18), that defendants "instituted a

6

policy of retaliating against persons who spoke out about matters of public concern," (Opp. Memo at 18), and "the individual defendants developed an intent to retaliate against plaintiff in the spring 2004 when he engaged in several episodes of protected speech." (Opp. Memo at 19)  But not one single fact is volunteered to support these assertions. Given that plaintiff cannot relitigate the findings of the Section 75 hearing officer, these vague allegations are insufficient to prevent dismissal.  Bell Atlantic, 127 S.Ct. at 1965.

    Unable to provide direct evidence of retaliatory animus, plaintiff attempts to highlight alleged circumstantial evidence to indirectly establish causation.  Plaintiff argues that causation is established by the fact that five other County employees allegedly engaged in off-duty misconduct, but went unpunished because they had not also engaged in protected speech. (Opp. Memo at 17)  However, there are many distinguishing features between these incidents and plaintiff's conduct, (Answer ¶¶ 65-73), so as to make plaintiff's proposed inference not plausible. See Iqbal, 2007 WL 1717803, at *11. Moreover, plaintiff does not allege that any of the alleged misconduct by these other individuals was in any way related to the employees' job function.  The same cannot be said here where there was a direct nexus between plaintiff's transgressions against a minor and his responsibilities as a Probation Officer for troubled youths, as found by the Section 75 hearing officer. (Answer Exh. B, at 32)  In fact, this nexus served as the basis for the Section 75 hearing officer's finding that plaintiff should be terminated for his off-duty conduct: "There is a direct connection between taking advantage of a vulnerable child and the Respondent's job to punish those who do exactly that." (Id.)

    Plaintiff's alternative argument that the temporal proximity between his protected speech and institution of the first set of disciplinary charges against him are circumstantial evidence of causation also is meritless.  Plaintiff cherry picks facts that

7

arguably support this theory and ignores those that do not. While it is true that the first set of disciplinary charges against plaintiff were filed and an investigation into the Cortland harassment incident initiated shortly after plaintiff allegedly engaged in his last instance of protected speech, it is equally true that the first three instances of plaintiff's alleged protected speech occurred between December 2002 and November 2003, during which time no adverse employment action was taken against plaintiff and during which time plaintiff was promoted. (Complaint ¶¶ 15-16, 19, 26-29) In addition, the first disciplinary proceeding against plaintiff was commenced on April 28, 2004, two weeks after he failed to attend a mandatory training session, (Complaint ¶¶ 36, 43; Answer ¶ 43), and disciplinary charges were simultaneously filed against a second Probation Officer who similarly failed to attend the mandatory training session. (Answer Exh. A, at 8) Moreover, shortly after the Cortland harassment incident, the County initiated a lengthy, independent investigation into plaintiff's conduct, (Complaint ¶¶ 47, 51-54; Answer ¶¶51-53), and the County did not file disciplinary charges against plaintiff until seven months after the Cortland harassment incident and did so only after concluding its investigation. (Complaint ¶ 45; Answer ¶ 45) Finally, plaintiff was not terminated until July 11, 2006, more than two years after his last alleged act of protected speech. Consideration of all of the facts, and not just those plaintiff deems relevant, demonstrates that plaintiff cannot show a plausible inference of a causal nexus between his allegedly protected speech and his termination. See Estate of Smith, 186 F. Supp. 2d at 156.

IV.  **THE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED**

Although plaintiff's argument is difficult to decipher, based on his citation to Locurto v. Safir, 264 F.3d 154 (2d Cir. 2001), he appears to argue that when analyzing defendants' qualified immunity argument, the Court must consider the individual

8

defendants' motivation for initiating disciplinary proceedings against him because specific intent is an element of his First Amendment retaliatory discharge claim. (Opp. Memo at 22) However, the Second Circuit did not hold in Locurto that motivation must be considered, but rather refused to adopt a rule that "subjective intent is *per se* irrelevant to the inquiry into objective reasonableness." Id. at 168-69 (declining to exercise appellate jurisdiction over defendants' qualified immunity claim because the District Court had found that a genuine issue of material fact existed on the issue of defendants' unlawful intent).

> To satisfy the plausibility standard (and survive dismissal), the Complaint must contain plausible factual support demonstrating that the individual defendants were motivated to terminate plaintiff because of his protected speech. See Iqbal, 2007 WL 1717803, at *11. It does not; only two paragraphs in the eighty-four paragraph Complaint even hint at motive and those paragraphs are conclusory and do not refer to any fact or an individual defendant. (Complaint ¶¶ 62, 64) Moreover, the claim against defendants Sherwood, Tower-Bernstein and Lagnado must be dismissed because there is not one allegation that they participated in the decision to initiate disciplinary proceedings against plaintiff nor that they were involved in the decision to terminate his employment. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)(citation and internal quotation marks omitted).

> As plaintiff points out, (Opp. Memo at 21), "'direct participation' as a basis of liability in this context requires intentional participation in the conduct constituting a violation of the victim's rights by one who knew the facts rendering it illegal." Provost v. City of Newburgh, 262 F.3d 146, 155 (2d Cir. 2001). Despite recognition of the applicable

9

standard, plaintiff failed to cite plausible facts to support his contention that the Complaint satisfies the standard. Instead, plaintiff proffers a conclusory statement, maintaining that "the defendants rigged the administrative hearing, disregarded exculpatory evidence and proceeded based on retaliatory animus." (Opp. Memo at 21) There only eight references in the Complaint to any conduct by defendants Sherwood (Complaint ¶¶ 39, 47, 51), Tower-Bernstein (Complaint ¶¶ 20, 27, 30, 34) and Lagnado (Complaint ¶ 36) and not one of these allegations in any way link these defendants to the decision to file disciplinary charges against plaintiff or to terminate his employment. Moreover, plaintiff is estopped from litigating the procedural circumstances relating to his administrative hearings having already unsuccessfully litigated this issue before the State of New York Public Employment Relations Board. (Answer Exh. D) See University of Tennessee v. Elliott, 478 U.S. 788, 799 (1986).

## CONCLUSION

For the reasons stated above, judgment should be granted in favor of Defendants dismissing Plaintiff's complaint with prejudice.

Dated:    July 13, 2007

                              PATTERSON BELKNAP WEBB & TYLER LLP

                              By: _____
                              John D. Winter, Esq.
                              Michelle W. Cohen, Esq.
                              1133 Avenue of the Americas
                              New York, New York 10036
                              (212) 336-2000

                              *Attorneys for Defendants*